Argued September 17; affirmed October 8, 1946

FISHER *v.* OCHOCO LUMBER CO.

(173 P. (2d) 298)

CHARLES J. COMBS, Judge.

*George H. Brewster,* of Redmond (Donald M. Graham, of Prineville, on brief), for appellant.

*Arthur I. Moulton,* of Portland (Moulton & Davis, of Portland and E. Earl Feike, of Portland, on brief), for respondent.

KELLY, J.

This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff while engaged in his work as an employee of defendant.

From a judgment in the sum of $5,000.00 in favor of plaintiff, defendant appeals.

Three assignments of error are presented by defendant.

By the first of these assignments, it is urged that the trial court erred in entering a judgment in favor of plaintiff in the above named sum and ordering that execution issue therefor without any allowance of credit for compensation payments previously made.

By its second assignment, defendant claims that the court erred in overruling defendant's objection to

certain parts of the cross-examination of Mr. Williard C. Schwenn, a witness called by defendant.

Defendant's third assignment of error is to the effect that the trial court erred in refusing to instruct the jury to return a verdict in favor of defendant and against plaintiff.

■ As to the first assignment of error, when the verdict was received, no objection was made to the entry of judgment in accordance therewith. Defendant seeks to present the question of the propriety of the trial court's action in that regard by reason of a tender made by defendant to the clerk of the trial court of the amount of the judgment in suit less the sum of $1,191.32; that sum being the amount of compensation payments previously made by defendant's insurance carrier to plaintiff. Said clerk refused to accept said sum so tendered in satisfaction of said judgment. We think that this fails to bring to this court the question of the propriety of the course taken by the trial judge in entering such judgment.

Our consideration of defendant's contentions on appeal, therefore, will be confined to those that are based upon the error of the trial judge and in the case of instructions to the jury we will consider only the alleged errors, if any, of the trial judge to which exceptions were asked and allowed.

■■ In the case at bar, no exception appears in the record with respect to the failure of the trial court to expressly instruct the jury to deduct the amount of the admitted payments from the award of damages, if any, which otherwise the jury would make.

The checks disclosing the amount of the payments were received in evidence and accompanied the jury when they retired to deliberate upon their verdict. The

amount of the award, if deemed to be in a sum including both the payments and the amount of the judgment, is but $6,191.32, which is not excessive for the injury shown by this record to have been suffered by plaintiff.

It would have been proper in his instructions upon the measure of damages for the trial judge to have stated that the jury should, if and when it awarded damages, give defendant credit for payments admittedly made by defendant's insurance carrier and return a verdict for the damages suffered by plaintiff less the amount of such payments.

The trial court gave an instruction to the jury upon the measure of damages which was requested by counsel for appealing defendant. No exception thereto was asked and none given. While no reference was made therein to the payments made by defendant's insurance carrier to plaintiff and to the duty of the jury to allow credit therefor upon the amount of damages which otherwise would be awarded plaintiff, the court had advised the attorneys, but not in the presence of the jury, that the law required that to be done, thus clearly showing that if the court's attention had been drawn to his omission to so state to the jury, the trial court would have so declared the law.

In this state of the record, the error, if any, was invited by defendant's counsel. Invited error cannot be assigned as a basis for reversal. *Brown v. Jones,* 137 Or. 520, 525, 3 P. (2d) 768.

Moreover, no exception having been taken and allowed, the question is not before us upon this appeal.

Defendant cites four cases in support of this its first assignment of error.

One of these cases is *Amarillo Transfer & Storage Co. v. DeShong,* (Tex. Civ. App.) 82 S. W. (2d) 381.

In the opinion in that case, there is no reference to any tender to the clerk of the court and certainly no suggestion that such a tender as appears to have been made in the instant case would present any question to the appellate court for review.

The second case cited by defendant upon its first assignment of error is *Kley v. Healy*, 127 N. Y. 555, 28 N. E. 593. In that case no tender was made. The court of appeals reversed the judgment of the court of common pleas dismissing plaintiff's complaint "on the opening of plaintiff's attorney and on the ground that the complaint did not state facts sufficient to constitute a cause of action."

In the case of *Ingram v. Carleton Lumber Co.*, 77 Or. 633, 152 P. 256, cited by defendant, in support of its first assignment of error, there was no tender to the clerk of the court. There, the trial court, in speaking of the amount of damages, said to the jury:

"Should you find for the plaintiff, you are not to take into consideration this $150 that has been paid to him; that has not anything to do with the case."

In the bill of exceptions in the Carleton Lumber Company case, defendant's tenth exception is based upon the trial court's course in that regard.

In *Miller v. Spokane International R. Co.*, 82 Wash. 170, 143 P. 981, a verdict in the sum of $7,500 was returned in favor of plaintiff. Upon appeal, the Supreme Court of Washington remanded the case to the trial court with instructions to credit the sum of $138 which had been paid to plaintiff upon the judgment in the sum of $7,500 that the trial court had entered in accordance with the verdict. No suggestion is made there that the defendant had made a tender to the

clerk of the trial court of said sum of $138 upon which alone it based its right to present the question to the supreme court of the propriety of remanding the cause as stated.

We find in the authorities no holding that the action of the clerk of a trial court in declining to accept less than the amount of a judgment because of a payment made, as in the instant case, is of such a character as to present to the appellate court the question of the propriety of the court's action in entering such judgment.

Cross-examination is subject to the control of the trial judge and upon seasonable objection thereto, an abuse of judicial discretion by the trial judge in permitting improper cross-examination will be corrected on appeal when the matter is properly presented to the appellate court. We will therefore review the record bearing upon defendant's second assignment of error.

Mr. Schwenn testified in his direct examination that he was an attorney at law, and had been employed by the Employers Mutual Insurance Company, which company was defendant's insurance carrier. While employed by that company, he had caused plaintiff to meet him for the purpose of securing a settlement with plaintiff for the injury plaintiff had suffered. His testimony dealt with the efforts made by Mr. Schwenn to secure plaintiff's signature to a release of defendant from liability because of plaintiff's injury. Plaintiff's version of the conversation between Mr. Schwenn and plaintiff in some material respects was in conflict with the version to which Mr. Schwenn testified.

The writer is impressed with the familiarity on the part of Mr. Schwenn with the law of insurance in the various jurisdictions as disclosed during his cross-

examination. Defendant stresses the fact that upon cross-examination, Mr. Schwenn was asked particularly about the law of insurance in California. It is not suggested that any misinformation was thereby elicited.

Defendant also expressly complains because Mr. Schwenn was asked to explain the meaning of the term loss ratio. This explanation was very clearly presented by Mr. Schwenn. The example that he gave to the court and jury illustrating the meaning of the term, loss ratio, demonstrates not only that Mr. Schwenn knew what he was talking about, but also that he knew how to tersely and vividly convey that knowledge to others. When asked the meaning of the term, he said:

"Well, the loss ratio is figured in this way. You take the premium any one employer pays and apply that premium to the amount of money paid in claims. For instance, let us say an employer pays $10,000 in premiums, and has $4,000 in losses; his loss ratio would be 40-percent."

We cannot agree with defendant in its statement that by this answer, or any other, that the jury was informed that the employer was paying the insurance company and making a profit.

In support of defendant's assignment number two, the case of *State v. Von Klein*, 71 Or. 159, 142 P. 549, and the case of *Watrous v. Salem Brewery Association*, 151 Or. 294, 49 P. (2d) 375, were cited. In the *Von Klein* case this court upheld the action of the trial court in sustaining the objections to questions on cross-examination of a witness for the prosecution seeking to disclose that such witness had read accounts supposed to have been published in the Oregonian concerning the arrest of the defendant. We find there no support to the claim here that the trial court erred in

permitting the witness for the insurance company to tell the court and the jury what the term loss ratio meant.

In the *Watrous* case, this court held that in the light of subsequent events, a more complete cross-examination of the purported wife of plaintiff should be allowed than the trial court had permitted.

We do not mean that reversible error would have been committed by the trial court in the case at bar, if defendant's objection had been sustained to the question concerning the meaning of the term loss ratio; we merely hold that in the light of the record in this case, reversible error was not committed by overruling that objection.

■ As to defendant's third assignment of error, we think that the warning given to plaintiff by his hospital companions that plaintiff had been overreached when he signed the paper, that he says he understood was a receipt, was not of such a nature as to justify the application of the rule that continuing to accept the benefits of an agreement after knowledge of its having been obtained by fraud would constitute ground of estoppel to claim that the agreement was invalid because of such fraud.

For that reason, we are unable to concur with defendant in its argument that error was committed by the trial court in not instructing the jury to return a verdict for the defendant.

Finding no reversible error, it is ordered that the judgment of the trial court be and it is affirmed.