CLAY, *Appellant,*
*v.*
PAY LESS DRUG STORES NORTHWEST, INC.,
*Respondent.*

LUTTRELL, *Appellant,*
*v.*
PAY LESS DRUG STORES NORTHWEST, INC.,
*Respondent.*
556 P2d 125

*J. Fred Brandenfels,* Eugene, argued the cause for

appellants. With him on the briefs were Brandenfels & Klarr, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondent. With him on the brief were Calkins & Calkins and Bryson & Robert, Eugene.

DENECKE, C. J.

## DENECKE, C.J.

Plaintiffs brought two separate actions, which were consolidated for trial, for false arrest and malicious prosecution. The jury returned verdicts against the plaintiffs, and the plaintiffs appeal.

Plaintiffs contend the trial court instructed the jury that malice was a necessary element of false imprisonment and that was error. Assuming plaintiffs are correct in those contentions, we conclude that the error, if any, was invited error and, therefore, not grounds for reversal.

Whether plaintiffs invited error is dependent upon what we properly can consider as part of the record.

When plaintiffs appealed they designated to be included in the transcript only the court's instruction, plaintiffs' exception, and the discussion between court and counsel regarding the instruction and exception. Defendant moved to supplement the transcript by including a conference between the court and counsel. The conference occurred before final argument and without the presence of a court reporter. Defendant also moved to include a colloquy between court and counsel during the argument on the motion for new trial which was reported. The motion was supported by defendant's counsel's affidavit of what occurred at the conference which was not reported and by the court reporter's transcript of the argument on plaintiffs' motion for a new trial.

A hearing was held on the motion to supplement the transcript and the trial court granted the motion. The transcript was supplemented by the addition of a "STATEMENT BY THE COURT" which was certified by the trial court. In the supplemental transcript it is stated that the trial court told counsel at the preargument conference that it was changing an instruction requested by plaintiffs by adding the language which

plaintiffs now contend is erroneous. The STATE-MENT concludes:

> "* * * Again inquiry was made as to whether there was agreement as to this change. Mr. Brandenfels was not in the room at that moment but counsel for the defendant and Mr. Gardner for the plaintiffs indicated that the instruction, as changed was acceptable." (Messrs. Brandenfels and Gardner were both counsel for plaintiffs.)

Neither counsel for plaintiffs directly contend the court's STATEMENT is incorrect. Mr. Gardner did not file an affidavit or make any statement. Mr. Brandenfels did not file an affidavit. He did state during the argument on the motion for new trial: "This was the first time that I knew there were some discussions without me present. I thought I was present there the whole time."

The STATEMENT BY THE COURT is substantiated by the trial court's remarks made and reported at the time Mr. Brandenfels excepted to the giving of the disputed instruction.

Neither considering the trial court's STATEMENT nor rejecting it is a satisfactory solution. If we consider it, we are relying on the trial court's memory rather than a court reporter's notes and the memory of any person is less accurate than the notes. If we reject the statement, we are harming judicial efficiency. If we find the instruction was erroneous, we are ordering a new trial when the error was most likely invited by plaintiffs' counsel's conduct. These unsatisfactory alternatives again emphasize the necessity of having a court reporter present at all times.

In this case we conclude that we should consider the STATEMENT BY THE COURT. We do so because plaintiffs' counsel, who was present and purportedly acquiesced in the trial court's proposed instruction, did not in any form deny that he acquiesced. If there is a direct conflict in what has occurred when a court reporter is not present, this decision should not be

[ 676 ]

interpreted to mean that only on the basis of its memory a trial court can certify to what occurred.

That counsel for both parties were present and there is no direct conflict about what was said at the unreported conference distinguishes this case from *Huntley v. Reed,* decided November 12, 1976. We also held in that case that the trial court had violated ORS 17.325 which is not involved in the present proceedings.

■ Plaintiffs also contend that the trial court erred in refusing the plaintiffs' request to make as a part of the record a local circuit court rule: "Oral stipulations between counsel, except those made in open court with the reporter present, will not be recognized." Plaintiffs' request may have been proper. *Stivers v. Byrkett,* 56 Or 565, 575, 108 P 1014, 109 P 386 (1910). However, if we take judicial notice of the rule, we find no error was committed. Plaintiffs' counsel was not stipulating with counsel. Plaintiffs' counsel was informing the trial court he found the instruction and change acceptable.

We conclude that plaintiffs' counsel in essence informed the court that he had no objection to the court instructing the jury in the language of the changed instruction. We have accepted the sound principle of judicial administration that invited error is not a basis for reversal. For examples, *Fisher v. Ochoco Lbr. Co.,* 179 Or 524, 527, 173 P2d 298 (1946); *Ingram v. Allen,* 273 Or 890, 544 P2d 167, 168 (1975).

Affirmed.