**Cathy H. YETT (Plaintiff-Appellee),**

v.

**SMOKY MOUNTAIN AVIATION, INC. (Defendant-Appellant).**

Court of Appeals of Tennessee,
Eastern Section.

July 1, 1977.

Certiorari Denied by Supreme Court
Oct. 3, 1977.

Arthur C. Grisham, Jr., Chattanooga, for defendant-appellant.

Robert L. Ogle, Jr., Sevierville, for plaintiff-appellee.

## OPINION

INMAN, Special Judge.

### I

Appellee proceeded to trial of this tort action against Teledyne Continental Motors, Inc., Borg-Warner Corporation, Cessna Aircraft Company, and the appellant. After the trial commenced, she entered nonsuits as to the defendants Teledyne and Borg-Warner pursuant to a settlement with these defendants. The jury exonerated Cessna, and returned a verdict against appellant for $100,000.00.

By post-trial motion appellant sought a judgment reduction of $35,000.00, the amount which the non-suited defendants paid appellee in settlement of their alleged liability.

The trial judge denied the motion and commented:

"So, the Court denies the motion to reduce the judgment because the liability was not joint and several; because the payment was made by a party held not responsible by implication; and, because in basic fairness and justice, the plaintiff as between these parties should be entitled to this amount. Defendant should not benefit from the plaintiff's good fortune in reaching an accommodation with a potential defendant." This appeal resulted.

### II

■ Appellee confronts us with a motion to dismiss the appeal because appellant filed a "partial bill of exceptions", insisting that appellate review is precluded because all the evidence adduced upon the trial is not preserved. The evidence adduced upon the hearing of the motion to reduce appears in the "partial bill of exceptions"; the sole issue presented on appeal is whether the judgment against appellant should be reduced by the amount of the settlement.

The record as filed is entirely adequate for a resolution of this issue. A transcription of all the testimony would be superfluous. We find the procedure employed by appellant commendable. The motion to dismiss the appeal and affirm the judgment is denied.

### III

T.C.A. 23–3101 et seq. is the predicate of this action. It provides:

"23–3105. *Effect of release or covenant not to sue upon liability of other tort-feasors.*—When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death;

(a) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(b) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

(c) No evidence of a release or covenant not to sue received by another tort-feasor or payment therefore may be introduced by a defendant at the trial of an action by a claimant for injury or wrongful death, but may be introduced upon motion after judgment to reduce a judgment by the amount stipulated by the release or the covenant or by the amount of the consideration paid for it, whichever is greater."

The pertinent evidence is stipulative:

*Mr. Grisham* : "As Your Honor will recall, this case began on August 25, 1975, with the plaintiff, Cathy Yett, proceeding to trial as to Great Smokey Mountain Aviation, Teledyne Continental, . . . Borg-Warner Corporation and Cessna Aircraft Company. After the trial had begun, the plaintiff entered into an agreement whereby Marvel-Schebler (Borg-Warner) and Teledyne agreed or obligated themselves to make a payment of $35,000.00 to the plaintiff. A non-suit was taken by the plaintiff as to these defendants. . . ."

*Mr. Ogle* : ". . . . That is substantially correct, Your Honor . . . . it's true that we agreed to take voluntary nonsuit as to the two defendants. They agreed

to pay us $35,000.00. The non-suit has been entered."

Whether the non-suited defendants executed and delivered release(s) or covenant(s) not to sue to appellee does not appear.

## IV

We are constrained to disagree with the learned trial judge that reduction is inappropriate absent a relationship of joint tortfeasorship. The statute provides that a release or covenant not to sue given *to* one of two or more persons *liable in tort for the same injury* reduces the claim by the stipulated amount. (Emphasis supplied.) The statute further provides that evidence of a release or covenant *may be introduced upon motion* (emphasis supplied) after judgment to reduce a judgment by the amount stipulated by the release or the covenant. It will be observed that the statutes do not require an activating relationship in tort between those liable; therefore, reduction is not limited to those cases involving joint tort-feasors exclusively.

The record reveals only that appellee settled her claim against Teledyne and Borg-Warner for $35,000.00, and dismissed her action as to them. Payment had not been made at the time the motion to reduce was heard, and consequently no release or covenant had then been executed. The stratagem is neither subtle nor commendable; we have no difficulty in holding that the agreed payment by Teledyne and Borg-Warner was not a mere gratuity, as alleged, but was made by "one liable in tort". To hold otherwise would be sheer sophistry. If the ploy adopted by appellee were to prevail the statute would be rendered utterly nugatory. Appellee alleged specific acts of negligence on the part of Teledyne and Borg-Warner, and proceeded to trial against them. The exoneration of Cessna doubtless permits appellee to indulge in the speculation that Teledyne and Borg-Warner would also have been exonerated; but this argument is irrelevant. Perhaps Teledyne and Borg-Warner, in secure hindsight, should not have settled, but appellee cannot now have dual advantage by delaying execution and delivery of a release or covenant to the statutory detriment of appellant.

We do not believe that the clear legislative intent may be thus thwarted.

While our Supreme Court has not specifically addressed the precise issue, some direction will be found in *Bible and Godwin Construction Company v. Faener Corporation*, 504 S.W.2d 370 (Tenn.1974) and *Continental Insurance Company v. Knoxville*, 488 S.W.2d 50 (Tenn.1972), wherein indemnity was ordered or reduction allowed in analogous situations. Possibly the clearest articulation is found in *Layne v. United States*, 460 F.2d 409 (9th Cir. 1972):

"*Layne* misapprehends the purpose and effect of § 4 of the Uniform Act. While § 4 changed the common law in one respect (i. e., by providing that release of one joint tortfeasor does not automatically release the other joint tortfeasors), it retained that part of the common law rule embodying the sound public policy of permitting a plaintiff to receive only the amount of his adjudged damages and no more, regardless of the source of the recovery. Since the principle is that there can be but one satisfaction for the same injury, whether or not the released party is in fact jointly liable with the defendant against whom a judgment is rendered is not relevant. In either case, to prevent recovery by plaintiff of more than his legitimate damages, "the amount paid for the release or covenant not to sue must reduce *pro tanto* the injured person's judgment against another. (Citing cases.)

To require the United States to prove at trial that the released party was in fact a joint tort-feasor before § 4 of the Uniform Act can operate to cause a *pro tanto* reduction in the award equal to the amount recovered in the settlement would effectively thwart the major policy justifications for encouraging extra-judicial settlements—the disposition of claims without litigation, and the reduction and simplification of the issues requiring judicial determination. We do not think the language or intent of the Uniform Act requires such a result."

**870**

The judgment of the Trial Court is accordingly reversed, and the motion to reduce the judgment is granted. Costs are taxed to appellee.

MATHERNE, P. J., concurs.

GODDARD, J., not participating.