**Neva BUCKNER, individually and as mother of Maurice L. Buckner, Plaintiff-Appellant,**

v.

**COCKE COUNTY, Tennessee and Cocke County Ambulance Service, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Sept. 19, 1986.

Permission to Appeal Denied by Supreme Court Nov. 24, 1986.

Gary E. Brewer and Steven W. Terry, Morristown, for plaintiff-appellant.

Robert H. Watson, Jr., and James R. Farrar, Watson & Emert, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

The issue presented by this appeal is whether T.C.A., § 29–11–105(a)(1)[1] estab-

---

1. T.C.A., § 29–11–105

    (a) When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death:

lishes a bar to the plaintiff's proceeding against the defendant governmental entity where plaintiff has been paid $125,000.00 by another defendant in the original action and the parties have stipulated the maximum potential liability of the remaining defendant is $40,000.00, as established by T.C.A., § 29–20–311.

After this action was brought against Cocke County Baptist Hospital, Cocke County, Tennessee and its department, Cocke County Ambulance Service, the plaintiff gave a covenant not to sue to Cocke County Baptist Hospital for a consideration of $125,000.00. The hospital was dismissed and the defendant before this court filed a motion for summary judgment which was granted by the trial judge, who held:

> [U]nder the Tennessee Uniform Contribution Among Tortfeasors Act, T.C.A. 29–11–101 *et seq.*, as a result of the Covenant between the Plaintiff and Cocke County Baptist Hospital; the Defendants, Cocke County, Tennessee and Cocke County Ambulance Service, would only be liable for amounts exceeding One Hundred Twenty-Five Thousand Dollars ($125,000). Inasmuch as the maximum liability of Cocke County, Tennessee, and Cocke County Ambulance Service, pursuant to the Tennessee Governmental Tort Liability Act is Forty Thousand Dollars ($40,000.00), under the applicable law, there is no amount of damages which could be collected from these Defendants.

Plaintiff insists she should be allowed to proceed against defendant and have her damages adjudicated and argues if the trial court finds she has been injured in an amount greater than her settlement with Cocke County Baptist Hospital, that she can recover the excess up to $40,000.00.

This court, in *Yett v. Smoky Mountain Aviation, Inc.*, 555 S.W.2d 867, 869 (Tenn. App.1977), applying the Uniform Contribu-

tion Among Tortfeasors Act to the facts of that case, observed:

> [The Uniform Act] retained that part of the common law rule embodying the sound public policy of permitting a plaintiff to receive only the amount of his adjudged damages and no more, regardless of the source of the recovery.... In either case, to prevent recovery by plaintiff of more than his legitimate damages, "the amount paid for the release or covenant not to sue must reduce *pro tanto* the injured person's judgment against another." (Quoting from *Layne v. United States*, 460 F.2d 409 (9th Cir. 1972).)

■ In the instant case, plaintiff's "legitimate damages" have not been established. The purpose of the Uniform Act is to establish a right of contribution where two or more persons are jointly or severally liable in tort and is not intended to operate so as to reduce the amount of damages required to fully compensate a claimant for his injuries and losses; moreover, the Act mandates in establishing the right of contribution principles of equity shall apply. T.C.A., § 29–11–103.

■ Summary judgment in this case is improper. In a case closely analogous upon the facts, the South Carolina Supreme Court characterized an argument similar to the insistence of the county herein as having "your cake and eat it too." *Truesdale v. South Carolina Highway Dept.*, 264 S.C. 221, 213 S.E.2d 740 (1974).

In *Truesdale*, a co-defendant was given a covenant not to sue for a consideration of $6,000.00 and the governmental entity's statutory limit of liability was $10,000.00. The court held the proper procedure is for the trier of fact to establish the full measure of damages, which in that case was determined to be $35,000.00. The South Carolina court then applied the Uniform Act thusly:

(1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to

the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; ...

The jury has found the full measure of damages to be the sum of $35,000.... Such verdict was, by the trial judge, first reduced to the sum of $29,000 by virtue of the covenant not to sue and then further reduced to $10,000, the statutory limit of liability of the department, thus leaving the respondents with the sum of $19,000, uncollectable damages. Since the purpose of allowing an offset or credit for the consideration of a covenant not to sue is to prevent double recovery the department in the present case would have been entitled to pro tanto relief if, but only if, the total damages had been found to be something less than $16,000. 213 S.E.2d 746–7.

The court also explained why it was necessary to determine the extent of damages:

While normally there is no reason for submitting to a jury the extent of damages which perchance exceed a statutory limit of liability, in the absence of it being determined what the full measure of damages is, it cannot be determined whether a joint feasor is or not entitled to an offset of the consideration for a covenant not to sue. 213 S.E.2d 746.

We reverse the entry of summary judgment and adopt the procedure outlined by the *Truesdale* court. The cause will be remanded to the trial court for trial and, if the defendant is determined to be liable, the trial judge will be required on these facts to establish the full measure of plaintiff's damages in order to properly apply the Uniform Act to these facts.

Costs incident to the appeal are assessed to the defendant-appellee.

PARROTT, P.J., and SANDERS, J., concur.