Argued and submitted June 20, 2000, affirmed January 31, 2001

Donald W. TENBUSCH,
*Respondent,*

*v.*

LINN COUNTY,
*Appellant,*

*and*

Mark A. WAGNER,
Judy L. Bailey, and Jody L. Conn,
*Defendants.*

LINN COUNTY,
Mark A. Wagner, Judy L. Bailey and Jody L. Conn,
*Third-Party-Plaintiffs,*

*v.*

Judy L. BAILEY,
*Third-Party-Defendant.*

(97-1647; CA A107142)

18 P3d 419

Gerald L. Warren argued the cause and filed the briefs for appellant.

Patrick Hadlock argued the cause for respondent. With him on the brief were Robert G. Ringo, and Ringo, Stuber, Ensor & Hadlock, P. C.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## EDMONDS, P. J.

Defendant Linn County appeals from a judgment against it for $100,000 in economic damages. We affirm.

Plaintiff's car collided with Wagner's car, and plaintiff was injured. He brought this action, claiming that overgrown vegetation at an intersection, for which Linn County was responsible, obstructed his view. He sought $175,674.73 in economic damages, and $125,000 in noneconomic damages for his injuries arising out of the car accident. The case was tried to a jury. Before the case was submitted to the jury, the county requested Uniform Civil Jury Instruction (UCJI) No. 76.03, which the trial court gave. UCJI 76.03 states, in relevant part, that "[a]ny defendant whom you find to be at least 15% [at fault/negligent] will be liable for the entire amount of plaintiff's economic damages * * *." (Brackets in original.) In contrast, UCJI 76.03A states, in part, "Each [defendant/third-party defendant] is liable only for that portion of the plaintiff's total damages that is equal to the percentage of [negligence/fault] attributed to that defendant/third-party defendant." UCJI 76.03A reflects the amendments made in 1995 to ORS 18.485(2) (*see* Or Laws 1995, ch 696) and is the instruction that should have been requested under the law at the time of trial. No party objected to the giving of UCJI 76.03 when it was requested or read to the jury.

After the jury had retired to deliberate, the trial court asked if there were any exceptions to the jury instructions. Plaintiff's lawyer raised one minor exception, as did Wagner's. The county's lawyer said that he had "no exceptions." While the jury was deliberating, plaintiff and Wagner entered into a settlement agreement under ORS 18.455.[1] The

---

[1] ORS 18.455 provides, in part:

"(1) When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury to person or property or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:

"(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but the claimant's claim against all other persons specified in ORS 18.470 (2) for the injury or wrongful death is reduced by the share of the obligation of the tortfeasor who is given the covenant, as determined under ORS 18.480 and 18.485; and

jury was not told of the settlement, pursuant to ORS 18.480(3).[2] The jury found that plaintiff suffered $175,674 in economic damage and also determined that the county was 25 percent negligent and Wagner was 75 percent negligent in causing the accident. The court received the verdict without objection from the parties and discharged the jury.

After trial, the court entered judgment against Wagner in the amount of $25,000 pursuant to the settlement agreement. Plaintiff's counsel, recognizing that ORS 30.270[3] provides a "cap" of $100,000 on economic damages in actions against public bodies, tendered a judgment against the county for economic damages in the amount of $100,000.[4] The county tendered a judgment that would have made it liable only for $25,000. After hearing argument on the proper form of judgment, the trial court entered plaintiff's proposed judgment. After entry of the judgment, the county filed a motion under ORCP 71 to reduce its liability by 75 percent. The trial court denied defendant's motion, and the county appeals from both the judgment and the denial of its post-judgment motion.

■ The county first argues on appeal that ORS 18.445 and ORS 18.485 require entry of a judgment that reflects the percentage of liability that the jury found to be attributable

---

"(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

[2] ORS 18.480(3) provides:

"The jury shall not be informed of any settlement made by the claimant for damages arising out of the injury or death that is the subject of the action."

[3] ORS 30.270 provides, in part:

"(1) Liability of any public body or its officers, employees or agents acting within the scope of their employment or duties on claims within the scope of ORS 30.260 to 30.300 shall not exceed:

"* * * * *

"(b) $100,000 to any claimant as general and special damages for all other claims arising out of a single accident or occurrence unless those damages exceed $100,000, in which case the claimant may recover additional special damages, but in no event shall the total award of special damages exceed $100,000."

[4] The total judgment against the county was for $126,168, including $25,000 in noneconomic damages and $1,126 in costs and disbursements. The noneconomic damages, costs and disbursements are not in dispute here.

to it. Plaintiff responds that the county invited the error about which it complains. ORS 18.445(1) provides:

> "[t]he proportional shares of tortfeasors in the entire liability shall be based upon their relative degrees of fault or responsibility. In contribution actions arising out of liability under ORS 18.470, the proportional share of a tortfeasor in the entire liability shall be based upon the tortfeasor's percentage of the common negligence of all tortfeasors."

ORS 18.485 requires that:

> "(1)  Except as otherwise provided in this section, in any civil action arising out of bodily injury, death or property damage, including claims for emotional injury or distress, loss of care, comfort, companionship and society, and loss of consortium, the liability of each defendant for damages awarded to plaintiff shall be several only and shall not be joint.
>
> "(2)  In any action described in subsection (1) of this section, the court shall determine the award of damages to each claimant in accordance with the percentages of fault determined by the trier of fact under ORS 18.480 and shall enter judgment against each party determined to be liable. The court shall enter a judgment in favor of the plaintiff against any third party defendant who is found to be liable in any degree, even if the plaintiff did not make a direct claim against the third party defendant. The several liability of each defendant and third party defendant shall be set out separately in the judgment, based on the percentages of fault determined by the trier of fact under ORS 18.480. The court shall calculate and state in the judgment a monetary amount reflecting the share of the obligation of each person specified in ORS 18.470(2). Each person's share of the obligation shall be equal to the total amount of the damages found by the trier of fact, with no reduction for amounts paid in settlement of the claim or by way of contribution, multiplied by the percentage of fault determined for the person by the trier of fact under ORS 18.480."

ORS 18.445 and ORS 18.485 determine the proportional shares of tortfeasors in the entire liability found by the trier of fact. In the context of this case, the operation of those statutes is necessarily dependent on the jury's determinations made under ORS 18.480. That statute provides, in pertinent part:

"(1)   When requested by any party the trier of fact shall answer special questions indicating:

"(a)   The amount of damages to which a party seeking recovery would be entitled, assuming that party not be at fault,

"(b)   The degree of fault of each person specified in ORS 18.470(2). The degree of each person's fault so determined shall be expressed as a percentage of the total fault attributable to all persons considered by the trier of fact pursuant to ORS 18.470.[5]

"(2)   A jury shall be informed of the legal effect of its answer to the questions listed in subsection (1) of this section.

"(3)   The jury shall not be informed of any settlement made by the claimant for damages arising out of the injury or death that is the subject of the action."

ORS 18.455 and ORS 18.485 are statutes that contemplate predicate findings by the jury under ORS 18.480. Those findings are part of an integrated statutory process for the entry of a judgment that determines the apportionment of damages. Had the jury been instructed in accordance with UCJI 76.03A, defendant would be entitled to reversal of a judgment that did not comport with ORS 18.485. However, error that is invited is not a ground for reversal. *See, e.g., Ingram v. Allen*, 273 Or 890, 544 P2d 167 (1975) (where counsel had agreed that the jury should not be instructed on how its findings would affect ultimate liability, it cannot complain on appeal when the trial court refused to answer the jury's inquiry about that issue during deliberations).[6] Here, the

---

[5] ORS 18.470 pertains to comparative negligence between a plaintiff and a defendant. It is not implicated here.

[6] The reason for the rule is that, sometimes, the invitation of error is intentional or strategic, and appellate courts refuse to consider the error on appeal to discourage such tactics. For instance, in *Crawford v. Jackson*, 252 Or 552, 555, 451 P2d 115 (1969), the court said:

"If a valid objection exists to the reception of particular evidence counsel may well refrain from making the objection because he wants the evidence in the record. If at a later time it turns out that his decision to allow it to come in was unwise, he should not be allowed to blame the court for what he has himself done, and by doing so get a second opportunity to try his case."

Moreover, the Supreme Court has also deemed error to be invited in cases where counsel's failure to object was inadvertent or unintentional. *See, e.g., Clay/Luttrell*

county invited error by requesting UCJI 76.03, error that infected the entire process.

■      It could be argued that the erroneous instruction to the jury requested by the county comments only on the allocation of negligence between defendants, that the instruction is extraneous to the court's allocation of damages under ORS 18.445 and ORS 18.485 and that the statutes compel entry of a judgment consistent with the jury's findings as to the relative percentages of the defendants' liability as a matter of law and regardless of the instructions. The statutes read in context, however, belie that notion. ORS 18.480(2) contemplates the circumstances where multiple defendants are liable and where the determination of the percentages of fault attributable to each is affixed by the jury in order to ascertain the amount of the damages that will be entered. That is the necessary import of the law when ORS 18.480(2) is read with ORS 18.485(2).

■      UCJI 76.03 was the vehicle by which the jury was informed of the requirements of both statutes. The county does not argue that the trial court erred in giving UCJI 76.03. It argues that once the erroneous nature of the instruction was brought to the court's attention, the court should have used the percentages found by the jury and entered judgment in accordance with ORS 18.485(2). The problem with Linn County's argument lies in the language of ORS 18.480(2). Once the jury was instructed that the legal effect of finding the county more than 15 percent at fault was that the county would be jointly liable with Wagner for 100 percent of plaintiff's damages and the jury returned a verdict pursuant to those instructions, plaintiffs were entitled to have judgments entered accordingly, in the absence of a request for reconsideration by the jury before it was discharged. It is presumed that juries follow instructions, not disregard them. *Holger v. Irish*, 316 Or 402, 420, 851 P2d 1122 (1993). The verdict expresses the jury's determination that, under the instructions given, the county be held liable for 100 percent of plaintiff's economic damages. The legislature's intent, that the *determination of the percentages of liability by the jury be*

*v. Pay Less Drug Stores*, 276 Or 673, 677, 556 P2d 125 (1976); *Fisher v. Ochoco Lbr. Co.*, 179 Or 524, 173 P2d 298 (1946).

integrated with the ultimate judgment entered, would be frustrated if the county could compel a judgment that is inconsistent with the jury's understanding of the effect of its verdict. That means that the county's challenge to the verdict after the jury was discharged came too late because it was impossible at that time to instruct it properly. Accordingly, we reject the county's argument that the trial court violated ORS 18.485(2), because the county invited the error that it raises on appeal.

██ ██    The focus of the county's arguments in its second assignment of error shifts from the jury's award caused by its invited error to the trial court's authority to adjust that award after trial, based on matters extrinsic to the jury's consideration. The county raises two different arguments about why a post-trial reduction is required. First, the county argues that the judgment against it should be reduced under ORCP 71 B because plaintiff's claim was partially satisfied by Wagner's settlement.[7] We recognize the basic rule that a plaintiff is "entitled to only one satisfaction of his judgment." *Starr v. Heckathorne*, 270 Or 238, 240, 527 P2d 401 (1974). Here, however, the judgment imposed against the county, when added to the Wagner settlement, is less than the amount of economic damages awarded by the jury. Consequently, the rule is inapplicable to these circumstances because there is no duplicate recovery.

██    Alternatively, the county argues that the trial court was first required to reduce the county's liability to $100,000 under ORS 30.270 and then to reduce it further by 75 percent under ORS 18.455. According to the county's motion to the trial court,

"[t]he effect of a Covenant Not to Sue is to reduce the plaintiff's claim against defendant Linn County 'by the share of the obligation of the tortfeasor who is given the covenant'.

---

[7] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons:

"* * * * *

"(e) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

> In this case, defendant Mark Wagner was found to be 75% responsible, therefore, plaintiff Donald Tenbusch's claim under the operation of ORS 18.455 is to be reduced by 75%. The procedure required to obtain the benefits of ORS 18.455 is for the Court to reduce the Judgment upon defendant Linn County's request to have its liability reduced. *See Hirsovescu v. Shangri-La, Inc.*, 127 Or App 2[2, 870 P2d 859] (1994). Accordingly, the Court should issue, under authority of ORCP 71B or C, an Amendment of the Judgment to reflect the 75% reduction Linn County is entitled to by law."

For purposes of this opinion, we assume, without deciding, that ORCP 71 provides a procedural vehicle for such a challenge.[8]

In *Dee v. Pomeroy*, 109 Or App 114, 818 P2d 523, *rev den* 312 Or 527 (1991), we considered a similar argument. In that case, the plaintiffs were passengers in a car driven by Pomeroy and were injured when he drove into some boulders during a high speed pursuit by a city police officer. Before trial, the plaintiffs settled their claims against Pomeroy for more than the limit of liability for public bodies under ORS 30.270, and only their claim against the city and its representatives went to trial. At trial, the court granted the defendants' motion for a directed verdict on the ground that the settlement with Pomeroy was for an amount higher than their limit of liability. We reversed, ruling that the amount of the settlement should be subtracted from the total amount of damages and not from the public body's liability limit. *Id.* at 118. We reasoned that the statutory liability limit in ORS 30.270 is intended as a mere limitation on the public body's liability, regardless of the total damages suffered by the plaintiff and the number of tortfeasors involved. We explained:

> "Accordingly, we hold that, when a plaintiff settles a tort claim with a joint tortfeasor and proceeds against a defendant whose liability is limited, unless the settlement is for the full amount of the prayer, a factfinder should determine the full amount of damages, if any. If the full damages are

---

[8] The county argues on appeal, as it did below, that the 75 percent reduction should be applied to the $100,000 judgment rather than to the $175,674 in total damages.

equal to or less than the amount of the settlement, the limited liability defendant is entitled to a judgment. If the damages exceed the amount of the settlement, the plaintiff is entitled to a judgment for the difference between the settlement and the actual damages, but not to exceed the defendant's liability limit." 109 Or App at 119-20 (citations omitted).

We said in *Dee* that the purpose of the relevant portion of ORS 18.455[9] was to

"permit contribution among tortfeasors responsible for the plaintiff's damages. *It was not intended to reduce the injured person's right to recover 'the amount of damages required to fully compensate a claimant for his injuries and losses.'* " 109 Or App at 119 (quoting *Buckner v. Cocke County*, 720 SW 2d 472, 473 (Tenn App 1986)) (emphasis added).

Here, plaintiff sought $175,674 in economic damages. The jury awarded plaintiff that amount. Because the amount of damages awarded exceeds the $25,000 settlement with Wagner, plaintiff is entitled to a judgment against the county for the difference between $25,000 and $175,674, but not to exceed defendant's liability limit of $100,000. *See* ORS 30.270. Accordingly, the trial court did not err in entering judgment against the county in the amount of $100,000.[10]

Affirmed.

---

[9] ORS 18.455 was amended in 1995, after we decided *Dee*. Or Laws 1995, ch 696, § 2. Before 1995, it allowed for a reduction in "the amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the greater[.]" Although the statute has been amended, we understand the policy underlying the reduction provision as stated in *Dee* to continue.

[10] The county argues that the trial court's ruling eliminates any right of the county to seek contribution from Wagner under ORS 18.455. The judgment on appeal is the judgment in favor of plaintiff. We do not decide what right, if any, there is to contribution from Wagner in favor of the county.