Submitted July 7, reversed August 13, 2014

In the Matter of W. B.,
Alleged to be a Mentally Ill Person.
## STATE OF OREGON,
*Respondent,*

*v.*

## W. B.,
*Appellant.*

Clatsop County Circuit Court
14CC00088; A156217

333 P3d 1099

Garrett A. Richardson and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of a judgment committing her as a "person with mental illness" under ORS 426.130(1)(a)(C) for a period not to exceed 180 days and an order under ORS 426.130(1)(a)(D) prohibiting her from purchasing or possessing a firearm. Appellant argues that, contrary to the trial court's ruling, the record does not establish by clear and convincing evidence that "because of a mental disorder," she is "[u]nable to provide for basic personal needs and is not receiving such care as is necessary for health or safety." ORS 426.005(1)(e)(B). The state concedes that the evidence is legally insufficient for involuntary commitment and that the judgment should be reversed. We agree, accept the state's concession, and reverse the commitment judgment.

Appellant also contends that the trial court erred in prohibiting her from purchasing or possessing a firearm. Finding that an individual "is a person with mental illness" is a condition precedent to the issuance of an order prohibiting the purchase or possession of a firearm, ORS 426.130(1)(a)(D). *State v. Thierman*, 161 Or App 175, 176, 984 P2d 320 (1999). Accordingly, the reason for our reversal of the commitment judgment also requires reversal of the firearms order. *Id.*

Reversed.