PER CURIAM
*488 Appellant appeals an order committing her to the Oregon Health Authority for a period not to exceed 180 days pursuant to ORS 426.130(1)(a)(C), and an order prohibiting the purchase or possession of firearms under ORS 426.130 (1)(a)(D). In her third assignment of error, appellant argues that the trial court committed plain error when it failed to fully advise her of her rights in accordance with the requirements of ORS 426.100(1). Specifically, appellant contends that the trial court plainly erred when it failed to advise her that the possible results of the proceeding included voluntary treatment or conditional release. See ORS 426.130(1), (2) (setting out possible results of proceeding). The state has conceded that, under State v. M. M. , 288 Or. App. 111, 405 P.3d 192 (2017), and State v. M. S. R. , 288 Or. App. 156, 403 P.3d 809 (2017), the trial court plainly erred, and the error requires reversal. For the reasons stated in those cases, we exercise our discretion to correct the error and, accordingly, reverse the orders.[1] Our disposition of appellant's third assignment *1154 of error obviates the need to address her first two assignments of error.
Reversed.

As in State v. R. C. S. , 291 Or. App. 489, 490, 415 P.3d 1164 (2018), also decided this date, we reverse both the commitment order and the order prohibiting appellant from purchasing and possessing firearms. See State v. Z. A. B. , 266 Or. App. 708, 709, 338 P.3d 802 (2014) (" 'Finding that an individual "is a person with mental illness" is a condition precedent to the issuance of an order prohibiting the purchase or possession of a firearm, ORS 426.130(1)(a)(D).' " (Quoting State v. W. B. , 264 Or. App. 777, 778, 333 P.3d 1099 (2014).) ); see also State v. S. F. , 291 Or. App. 261, 267 n. 1, --- P.3d ---- (2018) (noting subsequent enactment of statutory scheme for extreme risk protection orders concerning deadly weapons, including firearms, now codified as ORS 166.525 to 166.543 ).