PER CURIAM
*1165 *490 Appellant seeks reversal of an order committing her to the Oregon Health Authority for a period not to exceed 180 days pursuant to ORS 426.130 and an order prohibiting her from purchasing or possessing firearms pursuant to ORS 426.130(1)(a)(D). Appellant argues that the trial court plainly erred by failing to advise her of the right to subpoena witnesses under ORS 426.100(1)(d). See State v. Z. A. B. , 264 Or. App. 779, 780, 334 P.3d 480, adh'd to as modified on recons. , 266 Or. App. 708, 338 P.3d 802 (2014) (failure to inform a person of the right to subpoena witnesses constitutes plain error warranting reversal). The state concedes that, under our case law, the trial court plainly erred in that regard and that the error requires reversal. We agree, accept the state's concession, and, for the reasons referenced in Z. A. B ., 264 Or. App. at 780, 334 P.3d 480, exercise our discretion to correct the error.
In doing so, we reverse both the order of commitment and the order prohibiting appellant from purchasing and possessing firearms. See Z. A. B. , 266 Or. App. at 709, 338 P.3d 802 (" 'Finding that an individual "is a person with mental illness" is a condition precedent to the issuance of an order prohibiting the purchase or possession of a firearm, ORS 426.130(1)(a)(D).' " (Quoting State v. W. B. , 264 Or. App. 777, 778, 333 P.3d 1099 (2014).) ). As we recently noted in State v. S. F. , 291 Or. App. 261, 267 n. 1, --- P.3d ---- (2018), there now exists a statutory mechanism, other than mental commitment, for law enforcement officers (or a family or household member of a person) to seek to restrict the purchase or possession of a firearm by a person who presents a risk of injury to self or others:
"After the hearing committing appellant to the Oregon Health Authority, the legislature enacted into law (becoming effective on January 1, 2018) a process that allows a law enforcement officer or a family or household member to file a petition requesting that the court issue an extreme risk protection order (ERPO) against a person who the court finds by clear and convincing evidence 'presents a risk in the near future, including an imminent risk, of suicide or of causing physical injury to another person.' [ ORS 166.527(1), (6) ] An ERPO enjoins the person found to present a future risk of causing physical injury to another *491 person or of suicide from 'having in the person's custody or control, owning, purchasing, possessing or receiving, or attempting to purchase or receive, a deadly weapon.' [ ORS 166.527(1) ]."
And, as in S. F. , "[w]e mention this to note the availability of a remedy to address threats of dangerousness other than the process of involuntary commitment and do not, here, decide whether the facts of this case are sufficient to meet the clear and convincing standard that a person presents 'a risk' of future dangerousness." Id.
Reversed.