PER CURIAM
*118 Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing a firearm. See ORS 426.130. In his only assignment of error, appellant contends that the trial court erred in failing to dismiss the case because he was involuntarily held for more than five judicial days before the commitment hearing. See ORS 426.232(2). Although appellant did not *169 preserve his claim of error, he requests that we review it as plain error. ORAP 5.45(1). In response, the state concedes that the trial court plainly erred when it did not dismiss appellant's case, and we accept the concession. We also exercise our discretion to correct the error because holding appellant for more than five judicial days was a grave error. See State v. E. R. , 283 Or. App. 282, 283, 387 P.3d 497 (2016) (holding the appellant for eight judicial days longer than what was permissible was grave error). Consequently, we reverse the judgment and order. See State v. L. O. W. , 292 Or. App. 376, --- P.3d ---- (2018) (reversing order of commitment when the appellant was involuntarily hospitalized for more than five days without a hearing); State v. R. C. S. , 291 Or. App. 489, 490, 415 P.3d 1164 (2018) (reversing both the order of commitment and the order prohibiting the appellant from purchasing and possessing firearms).
Reversed.