PER CURIAM
*419 Appellant seeks reversal of a judgment committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing firearms. ORS 426.130. Appellant contends, in his second assignment of error, that the trial court committed plain error when it failed to advise him of his rights in accordance with ORS 426.100(1). The state concedes the error, and we agree that the court's failure to provide appellant with the information that ORS 426.100(1) requires constitutes plain error. See, e.g. , State v. M. L. R. , 256 Or. App. 566, 570-71, 303 P.3d 954 (2013) ("[The] failure to provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review."). We further conclude that it is appropriate to exercise our discretion to correct the error for the reasons stated in M. L. R. . Id . at 570-72, 303 P.3d 954 (nature of the civil commitment proceedings, the gravity of the violation, the ends of justice, and the lack of harmless error). In doing so, we reverse both the judgment of commitment and the order prohibiting appellant from purchasing and possessing firearms. See State v. R. C. S. , 291 Or. App. 489, 490, 415 P.3d 1164 (2018) (reversing both the commitment judgment and the order prohibiting appellant from purchasing and possessing firearms).[1]
Reversed.

Our disposition of appellant's second assignment of error obviates the need to address his first assignment of error.