Submitted February 7, reversed December 2, 2020

In the Matter of R. O. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. O. W.,
*Appellant.*

Lane County Circuit Court
19CC04587; A172087

476 P3d 1259

Maurice K. Merten, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period of time not to exceed 180 days. ORS 426.130. He asserts that the trial court erred in allowing witnesses to appear telephonically, and plainly erred in failing to dismiss the case because he had been held for more than five days prior to the hearing. The state concedes error with respect to the failure to hold a timely hearing. As explained below, we accept the state's concession. Accordingly, we need not reach appellant's other assignment of error.

Appellant was initially held on August 19, 2019, pursuant to a community mental health program director's hold, and subsequently held under a physician's hold beginning on August 22, 2019. *See generally* ORS 426.232 - 426.234. A hearing was not held until August 29, 2019. An allegedly mentally ill person who has been held for more than five judicial days without a hearing is entitled to dismissal. *State v. L. O. W.*, 292 Or App 376, 380-81, 424 P3d 789 (2018). In *State v. A. E. B.*, 196 Or App 634, 635, 106 P3d 647 (2004), and *State v. J. D.,* 208 Or App 751, 752, 145 P3d 336 (2006), we explained that the hold provisions of the civil commitment statutes cannot be bypassed by placing a new hold on an appellant in order to restart the five-day time period. We conclude that the error is apparent on the face of the record and exercise our discretion to correct it in light of the gravity of the error. *See State v. J. S.*, 293 Or App 117, 423 P3d 168 (2018) (exercising discretion to correct similar error in light of gravity of error).

Reversed.