32 July 24, 2024 No. 517

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. K. F.-M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. K. F.-M.,
*Appellant.*

Linn County Circuit Court
23CC06952; A183082

Michael B. Wynhausen, Judge.

Submitted June 14, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Reversed.

**EGAN, J.**

Appellant appeals from a judgment committing her to the Oregon Health Authority and from an order prohibiting the purchase or possession of firearms. In her first assignment of error, appellant argues that the trial court plainly erred by failing to dismiss the case when appellant was not provided a hearing within five days of being detained. The state concedes the error. We agree with and accept that concession. We therefore reverse the judgment.[1]

Appellant was detained on a director's hold on November 14, 2023, but the civil commitment hearing did not occur until December 6, 2023, which was more than five judicial days later. As we held in *State v. L. O. W.*, 292 Or App 376, 381, 424 P3d 789 (2018), a court lacks authority to hold a civil commitment hearing when a person has been involuntarily hospitalized for longer than five judicial days, and a person held longer than five judicial days without a hearing is entitled to dismissal. We conclude that the error is apparent on the face of the record and exercise our discretion to correct it in light of the gravity of the error. *See State v. J. S.*, 293 Or App 117, 423 P3d 168 (2018) (exercising discretion to correct similar error in light of its gravity). We therefore reverse the judgment and order.

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. Because we reverse based on the first assignment of error, we do not address appellant's second assignment of error.