Submitted October 7, reversed December 7, 2016

In the Matter of W. B. R.,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

W. B. R.,
*Appellant.*

Deschutes County Circuit Court
16CC02617; A162198

387 P3d 482

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Appellant seeks reversal of an order committing him to the Oregon Health Authority for a period of 180 days, raising three assignments of error. Specifically, appellant contends that the trial court erred in (1) finding that he had a mental illness; (2) denying his motion to dismiss the case when he was not released after the expiration of a five-day initial hold; and (3) failing to record part of the commitment hearing. As the state concedes, defendant's second assignment of error is well taken.

Under ORS 426.232(2), a physician may detain a person for emergency care or treatment for mental illness, provided that the physician immediately notifies certain specified local mental health personnel. However, the person may not be held for longer than five judicial days without a hearing except in certain circumstances. ORS 426.232(2); ORS 426.234(4); ORS 426.095(2). *See State v. A. E. B.*, 196 Or App 634, 635, 106 P3d 647 (2004) (so explaining).

Here, appellant was detained on April 25, 2016, and the commitment hearing was held May 3, 2016. However, five judicial days elapsed on May 2, 2016. Appellant moved to dismiss as a result, and the court denied the motion, finding that, because of the number of judges available and the jurisdiction's crowded docket, good cause explained the delay. Although ORS 426.095(2)(c) permits a "good cause" postponement of a commitment hearing past the five-day judicial deadline, that procedure is available only "when requested" by certain parties and only "to allow preparation for the hearing."[1] As the state acknowledges, that is not what

---

[1] ORS 426.095(2)(c) provides, in full:

"If requested under this paragraph, the court, for good cause, may postpone the hearing for not more than five judicial days in order to allow preparation for the hearing. The court may make orders for the care and custody of the person during a postponement as it deems necessary. If a person is detained before a hearing under ORS 426.070, 426.180, 426.228, 426.232, 426.233 or 426.702 and the hearing is postponed under this paragraph, the court, for good cause, may allow the person to be detained during the postponement if the postponement is requested by the person or the legal counsel of the person. Any of the following may request a postponement under this paragraph:

"(A) The person alleged to have a mental illness or the person alleged to be an extremely dangerous person with mental illness.

happened in this case. Accordingly, we agree with the state that the trial court erred in denying appellant's motion, and we reverse the commitment order on that basis. Given that disposition, we need not address defendant's other assignments of error.

Reversed.

---

"(B) The legal counsel or guardian of the person.

"(C) The individual representing the state's interest."