Submitted November 4, reversed December 29, 2016

In the Matter of E. R., III,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

E. R., III,
*Appellant.*

Yamhill County Circuit Court
16CC00550; A161457

387 P3d 497

Eric J. Deitrick and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**PER CURIAM**

Appellant's commitment hearing was held 19 days after he was taken into custody for involuntary treatment, and he seeks reversal of an order committing him to the Oregon Health Authority for a period not to exceed 180 days, ORS 426.130. He argues that the trial court erred in failing to dismiss the case because the commitment hearing was not held within five judicial days after he was taken into custody for involuntary treatment. *See State v. J. N.*, 279 Or App 607, 377 P3d 695 (2016) (citing ORS 426.232(2), ORS 426.233(1), and ORS 426.095(2)(a), in reversing a commitment order because the hearing was held more than five days after the appellant was taken involuntarily into custody for mental health treatment). Although appellant did not preserve his claim of error, he requests that we review it as plain error. ORAP 5.45(1). The state concedes that the failure to dismiss is one of law apparent on the face of the record, and we accept the concession. We also exercise our discretion to correct the plain error because holding appellant eight judicial days longer than what was permissible was a grave error. Consequently, we reverse the commitment order.

Reversed.