Submitted December 19, 2016, reversed February 8, 2017

In the Matter of L. J. L.,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

L. J. L.,
*Appellant.*

Deschutes County Circuit Court
16CC04723; A162854

388 P3d 1249

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Appellant seeks reversal of an order committing him to the Oregon Health Authority for a period not to exceed 180 days, raising two assignments of error. *See* ORS 426.130. Specifically, in his first assignment, appellant contends that the trial court erred in finding that he had a mental illness. In his second assignment of error, he asserts that the court erred in denying his motion to dismiss the case when he had been held more than five judicial days without a hearing. *See* ORS 426.232. As the state concedes, defendant's second assignment of error is well taken.

As we have explained,

"[u]nder ORS 426.232(2), a physician may detain a person for emergency care or treatment for mental illness, provided that the physician immediately notifies certain specified local mental health personnel. However, the person may not be held for longer than five judicial days without a hearing except in certain circumstances. ORS 426.232(2); ORS 426.234(4); ORS 426.095(1). *See State v. A. E. B.*, 196 Or App 634, 635, 106 P3d 647 (2004) (so explaining)."

*State v. W. B. R.*, 282 Or App 727, 728, 387 P3d 482 (2016).

Here, appellant was detained on July 24, 2016, and the commitment hearing was held on August 4, 2016, more than five judicial days later. Appellant moved to dismiss the case as a result, and the court denied the motion. "Although ORS 426.095(2)(c) permits a 'good cause' postponement of a commitment hearing past the five-day judicial deadline, that procedure is available only 'when requested' by certain parties and only 'to allow preparation for the hearing.'" *Id.* That is not what happened in this case. Under the circumstances, the state "concedes that the trial court should have dismissed appellant's mental commitment case because it did not provide appellant a hearing within five judicial days of the date of appellant's detention." We agree, accept the state's concession, and reverse. Accordingly, we do not address appellant's first assignment of error.

Reversed.