Submitted June 2, reversed September 20, 2017

In the Matter of B. L. H.,
a Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

B. L. H.,
*Appellant.*

Jackson County Circuit Court
16CC03558; A162626

403 P3d 538

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

In this civil-commitment case, appellant seeks reversal of an order committing him for a period not to exceed 180 days, ORS 426.130(2), and an order prohibiting him from purchasing or possessing firearms, ORS 426.130(1). He contends that the circuit court erred by failing to dismiss the case when appellant was not released after the expiration of an initial five-day hold and appellant had not consented to diversion. The state concedes that the circuit court erred and that the order should be reversed. We agree, accept the state's concession, and reverse the commitment order.

"Under ORS 426.232(2), a physician may detain a person for emergency care or treatment for mental illness, provided that the physician immediately notifies certain specified local mental health personnel. However, the person may not be held for longer than five judicial days without a hearing except in certain circumstances." *State v. W. B. R.*, 282 Or App 727, 728, 387 P3d 482 (2016) (citing ORS 426.232(2); ORS 426.234(4); ORS 426.095(2); *State v. A. E. B.*, 196 Or App 634, 635, 106 P3d 647 (2004)). Under ORS 426.237, a person detained on a physician's hold may be further detained for a 14-day period of intensive treatment if, among other requirements, the person consents to diversion. ORS 426.237(3)(c).

Here, appellant was placed on a physician's hold on June 7, 2016. On June 10, the mental health examiner filed a certificate for diversion from commitment under ORS 426.237; however, appellant did not consent to diversion. Appellant's civil commitment hearing was not held until June 16, which was more than five judicial days after his initial hold.

We therefore agree with and accept the state's concession that the trial court erred in failing to dismiss appellant's case.

Reversed.