GARRETT, J.
*103 Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427, and one count of using a child in a display of sexually explicit conduct, ORS 163.670.
On appeal, defendant raises 11 assignments of error. We reject all of them without discussion except the third and fourth assignments, which challenge the trial court's admission of certain evidence that defendant acted with a sexual purpose. For the reasons explained below, we reject defendant's arguments and affirm.
The charges against defendant arose from two incidents involving the victim, defendant's five-year-old granddaughter. The two sexual abuse counts arose from an incident in which defendant touched the victim's vagina and caused the victim to touch defendant's penis; the child-display count arose from a different incident in which defendant surreptitiously recorded a video of the victim dancing to cartoons while she was wearing only panties.
*1051 In his third assignment of error, defendant challenges the trial court's admission of four exhibits containing pornographic images that defendant had accessed around the time that he abused the victim. The state offered those exhibits to show that defendant has a sexual interest in prepubescent children. Defendant objected on relevance grounds, asserting that the images depicted either post-pubescent children or young adult women and therefore had no tendency to show that defendant has an interest in prepubescent girls. The trial court generally agreed with defendant that any images that "clearly are of adults, young adults" were not relevant. However, the court admitted the referenced exhibits, explaining that images that "look[ ] like young girls, even fake young girls," were relevant.
We review the trial court's OEC 401 relevance determination for legal error. State v. Swinney , 269 Or. App. 548, 554, 345 P.3d 509 (2015). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the *104 evidence." OEC 401. "The proper inquiry in determining a question of logical relevance is whether the item of evidence even slightly increases or decreases the probability of the existence of any material fact in issue." State v. Millar , 127 Or. App. 76, 80, 871 P.2d 482 (1994) (internal quotation marks and brackets omitted). Thus, the issue here is whether defendant's viewing of the pornographic images in question increases, even slightly, the probability that defendant acted with a sexual purpose in his conduct toward the victim. We conclude that it does, and that it is therefore relevant.
The images are from websites with the names like "Lesbian Lolita" and "motherless.com." Unsurprisingly, the images depict females in contexts inviting the viewer to see them as young (e.g. , wearing braces, lacking pubic hair). Indeed, defendant concedes that the images encourage viewers to see the depicted females as "underage." Defendant's narrow argument is that the images are nonetheless irrelevant because they "do not depict young women in contexts that invite the viewer to see them as prepubescent children." But we are unable to say as a matter of law that the images, in context (including the websites' names), do not invite the viewer to perceive the models as being prepubescent. Cf. Millar , 127 Or. App. at 81, 871 P.2d 482 (evidence of photographs depicting "a young nude female, with no pubic hair, wearing tennis shoes and bobby sox, with her finger in her mouth in a decidedly 'babyish' pose" was relevant to proving the defendant's sexual interest in the genital areas of young girls). Accordingly, we reject defendant's argument and conclude that the trial court did not err in admitting the evidence.
Defendant's fourth assignment of error challenges the trial court's admission of evidence that defendant had read stories containing graphic descriptions of young children being subjected to physical abuse. As we explain below, we reject defendant's challenge because we conclude that defendant invited any error.
At trial, the state offered exhibits containing "child literotica" (sexually explicit writing depicting adults having sex with children) that defendant had purportedly viewed. Some of the exhibits included descriptions of prepubescent children being subjected to acts of bondage and *105 sadomasochism. Defendant objected under OEC 403[1] to the admission of any references to bondage and sadomasochism. The trial court agreed with defendant that such evidence should be excluded, and asked defense counsel to "highlight all content that you think I should redact." Defense counsel replied, "Okay, that's what I can do pretty easily."
Defense counsel later proposed redactions to Exhibits 102 and 103, and made comments to the trial court indicating "that's it." The trial court accepted all of those proposed redactions.
*1052 On appeal, defendant identifies two excerpts in Exhibits 102 and 103 that depict children being subjected to acts of bondage and sadomasochism but that were not redacted when those exhibits were admitted into evidence. Undisputedly, defendant did not identify those particular excerpts when he proposed the redactions to Exhibits 102 and 103 to the trial court. The state contends that defendant therefore invited the error. Defendant argues that, notwithstanding any inadvertent contribution by him to the mistake, the court still had a "responsibility to ensure that evidence it had ruled inadmissible under OEC 403 was not inadvertently admitted," and that the trial court abused its discretion by failing "to redact (or to ensure the redaction of)" that material.
A party invites error when the party is " 'actively instrumental in bringing about' " an alleged error. State v. Kammeyer , 226 Or. App. 210, 214, 203 P.3d 274, rev. den. , 346 Or. 590, 214 P.3d 822 (2009) (quoting Anderson v. Oregon Railroad Co. , 45 Or. 211, 216-17, 77 P. 119 (1904) ). The rule applies when a party has invited the trial court to rule in a certain way under circumstances suggesting that the party will be bound by the ruling or at least will not later seek a reversal on the basis of that ruling. State v. Ferguson , 201 Or. App. 261, 270, 119 P.3d 794 (2005), rev. den. , 340 Or. 34, 129 P.3d 183 (2006). Although a main purpose of the rule is to ensure that a party that makes an *106 intentional or strategic choice at trial does not later "blame the court" if that choice later proves unwise, see Crawford v. Jackson , 252 Or. 552, 555, 451 P.2d 115 (1969), error can be "invited" also "where counsel's failure to object was inadvertent or unintentional," Tenbusch v. Linn County , 172 Or. App. 172, 177 n. 6, 18 P.3d 419 (2001). See, e.g. , State v. Rennells , 253 Or. App. 580, 585, 291 P.3d 777 (2012) ("[W]e agree with the state that any claim of error was not preserved and even, arguably, that any error was invited when defense counsel appeared to agree that the testimony established venue ***."); State v. Saunders , 221 Or. App. 116, 122, 188 P.3d 449 (2008) (defendant's counsel's statement that he could not think of a "better way" to instruct the jury invited any error that the trial court may have committed regarding jury instructions); accord. Clay/Luttrell v. Pay Less Drug Stores , 276 Or. 673, 677, 556 P.2d 125 (1976) (purported error in issuance of jury instructions was invited where plaintiffs' counsel informed the trial court that he found the instruction acceptable).
Here, defendant was instrumental in bringing about any error by the trial court. Defendant's attorney expressly assumed the task of identifying the objectionable content in the state's exhibits. Counsel then performed that task and made comments suggesting that he had finished identifying all of the objectionable content in Exhibits 102 and 103, which suggested that he would not later seek a reversal on the basis of the court's ruling on that evidence. See Ferguson , 201 Or. App. at 270, 119 P.3d 794. Moreover, the court made all of those redactions, reflecting that, had defendant then identified the two excerpts at issue now, the alleged error would have been avoided.[2] We accordingly reject defendant's fourth assignment of error.
Affirmed.

OEC 403 provides:
"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

In any event, defendant is incorrect that the trial court had a duty to ensure the redaction of any inadmissible passages that the parties had failed to identify. It is well-settled in Oregon that the trial court is not responsible for separating "which evidence is admissible and which is inadmissible." State v. Ryel , 182 Or. App. 423, 436, 51 P.3d 8 (2002) ; State v. Howard , 49 Or. App. 391, 398, 619 P.2d 943 (1980) ("[W]here a single offer of evidence contains both admissible and inadmissible matter, *** [the court] is under no duty to sort out the admissible matter[.]"). That is unless the court "itself divides the offer into parts, invites argument about that division, and then actually rules on the admissibility of the constituent parts." State v. Dye , 286 Or. App. 626, 635-36, 401 P.3d 243 (2017), which did not happen here.