PER CURIAM
*388 In this civil commitment case, we are asked to reverse a judgment committing appellant for a period not to exceed 180 days and an order prohibiting appellant from purchasing or possessing firearms. ORS 426.130. Appellant contends that the trial court erred by failing to dismiss the case when appellant was not released after the expiration of an initial five-day hold and appellant's attorney had not consented to diversion. See State v. W. B. R. , 282 Or. App. 727, 728, 387 P.3d 482 (2016) ("Under ORS 426.232(2), a physician may detain a person for emergency care or treatment for mental illness, provided that the physician immediately notifies certain specified local mental health personnel. However, the person may not be held for longer than five judicial days without a hearing except in certain circumstances."); ORS 426.237(3)(c) (a person detained on a physician's hold may be further detained for a 14-day period of intensive treatment if the person *235 and the person's attorney consent to diversion). In this case, appellant was placed on a physician hold on January 6, 2018. On January 10, the mental health examiner filed a certificate for diversion from commitment under ORS 426.237. Appellant's attorney, however, did not consent to diversion. Appellant's civil commitment hearing was not held until January 31, 2018.
Appellant did not preserve the claim of error but requests that we review it as plain error. ORAP 5.45(1). The state concedes that the failure to dismiss is one of law apparent on the record, and we accept the concession. For the reason we stated in State v. E. R. , 283 Or. App. 282, 283, 387 P.3d 497 (2016) (stating that "holding appellant eight judicial days longer than what was permissible was a grave error"), we also exercise our discretion to correct the plain error. Consequently, we reverse the judgment of commitment and the order prohibiting purchase or possession of a firearm. See State v. R. C. S. , 291 Or. App. 489, 490, 415 P.3d 1164 (2018) (reversing both the order of commitment and the order prohibiting the appellant from purchasing and possessing firearms). We therefore do not reach appellant's other assignment of error.
Reversed.