DeVORE, J.
*857 Appellant seeks reversal of an order of civil commitment. She argues that the trial court erred in denying her motion to dismiss, because she was held for more than five judicial days prior to a hearing. The state attributes the delay to appellant's attorney. Because the delay cannot be explained that way, we reverse.
Appellant's mental health providers placed her under a hospital hold on July 31, 2018, pursuant to ORS 426.232.[1] Four judicial days later, on August 6, 2018, the trial court issued an order setting the civil commitment hearing for the next day, August 7, the fifth judicial day after the hospital hold began. On August 7, appellant's attorney arrived late for a hearing that was scheduled before appellant's hearing. Although the prior hearing was unrelated to appellant's hearing, the attorney's tardiness delayed the prior hearing, leaving no time for appellant's hearing. Appellant's hearing had been set as the last on the docket for the day. On its own motion, the trial court ordered that appellant's hearing would be postponed to the next day, due to the court's inability to conduct the hearing.
*1143 At the commitment hearing on August 8, a new attorney represented appellant. Appellant moved to dismiss the case, because the court did not hold the hearing within five judicial days of the hospital hold and because the delay could not be explained by postponement at the request of a party. See ORS 426.095(2)(c) (providing for good *858 cause postponement when requested by the parties).[2] The trial court denied appellant's motion, concluding that the court was "not physically able" to conduct appellant's hearing on the prior day because of her counsel's tardiness to the earlier hearing and restrictions on the court's ability to hold after-hours hearings. After an evidentiary hearing, the court committed appellant for no more than 180 days.
On appeal, appellant assigns error to the trial court's denial of her motion to dismiss, arguing that dismissal was required for failure to conduct a hearing within the five-day period required by ORS 426.232(2). Appellant acknowledges that the statute authorizes the court to postpone a hearing on the motion of a party for "good cause" under ORS 426.095 (2)(c), but she argues that the statute does not authorize the court to postpone the hearing on its own motion. The state responds that the trial court did not commit reversible error, because appellant "invited" any error because her attorney appeared late at the earlier hearing for a different client on August 7, and that, in turn, caused the court to postpone this matter.
We have previously observed that, under ORS 426.232(2), a licensed independent practitioner
"may detain a person for emergency care or treatment for mental illness, provided that the [licensed independent practitioner] immediately notifies certain specified local mental health personnel. However, the person may not be held for longer than five judicial days without a hearing except in certain circumstances. ORS 426.232(2) ; ORS 426.234(4) ; ORS 426.095(2). See State v. A. E. B. , 196 Or. App. 634, 635, 106 P.3d 647 (2004) (so explaining)."
State v. W. B. R. , 282 Or. App. 727, 728, 387 P.3d 482 (2016). Those limited circumstances are provided by ORS 426.095.
*859 That statute "permits a 'good cause' postponement of a commitment hearing past the five-day judicial deadline, [but] that procedure is available only 'when requested' by certain parties, and only 'to allow preparation for the hearing.' " W. B. R. , 282 Or. App. at 728, 387 P.3d 482 (quoting ORS 426.095(2)(c) ). The statute does not, however, authorize the court to postpone the hearing on its own motion. And we have consistently reversed civil commitment orders where appellants were held for longer than five judicial days in violation of ORS 426.232(2) and where none of the limited exceptions provided by the statute applied. See, e.g. , State v. C. J. W. , 289 Or. App. 63, 65, 407 P.3d 979 (2017) ; State v. L. O. W. , 292 Or. App. 376, 382, 424 P.3d 789 (2018) ; State v. B. L. H. , 287 Or. App. 885, 886, 403 P.3d 538 (2017) ; State v. J. N. , 279 Or. App. 607, 608, 377 P.3d 695 (2016) ; State v. P. G. , 225 Or. App. 211, 212, 200 P.3d 614 (2009) ; State v. J. D. , 208 Or. App. 751, 752, 145 P.3d 336 (2006) ; W. B. R. , 282 Or. App. at 729, 387 P.3d 482.
Here, appellant was detained on July 31, 2018, and the commitment hearing was held on the sixth judicial day, August 8, 2018. The court denied appellant's motion to dismiss, concluding that the court was "not physically able" to conduct appellant's hearing on the prior day because of her counsel's tardiness and restrictions on the court's ability to hold after-hours hearings. None of the parties listed in ORS 426.095(2)(c) requested postponement of the hearing, and there was no developed record demonstrating "good cause," as required by ORS 426.095(2)(c). Rather, the court, on its own motion, postponed appellant's hearing, causing appellant to be held *1144 longer than five judicial days. Under such circumstances, a court commits reversible error when it denies a motion to dismiss. See, e.g. , W. B. R. , 282 Or. App. at 728, 387 P.3d 482 (reversible error where trial court denied the appellant's motion to dismiss case after trial court postponed hearing because of a "crowded docket" and a limited "number of judges available," resulting in the appellant being held longer than five judicial days).
Nevertheless, the state contends that whatever error the trial court may have committed is not reversible because defendant "invited the error." The state argues that appellant was "actively instrumental in bringing about" the alleged error, because her trial counsel's tardiness for the *860 prior hearing on a matter for a different client rendered the court "physically incapable of conducting" appellant's hearing as scheduled.
Under the "invited error doctrine," this court will not reverse the trial court's error if the party seeking reversal is "actively instrumental in bringing about" the alleged error. State v. Saunders , 294 Or. App. 102, 105, 429 P.3d 1049 (2018), rev. den. , 364 Or. 294, 434 P.3d 961 (2019) (internal quotation marks omitted). "The rule applies when a party has invited the trial court to rule in a certain way under circumstances suggesting that the party will be bound by the ruling or at least will not later seek a reversal on the basis of that ruling." Id . (citing State v. Ferguson , 201 Or. App. 261, 270, 119 P.3d 794 (2005), rev. den. , 340 Or. 34, 129 P.3d 183 (2006) ) (emphasis added). Although the primary purpose of the rule is to ensure that a party does not "blame the court" for an intentional or strategic choice that later proves unwise, a party can invite error also " 'where counsel's failure to object was inadvertent or unintentional.' " Id. at 105-06, 429 P.3d 1049 (quoting Tenbusch v. Linn County , 172 Or. App. 172, 177 n. 6, 18 P.3d 419, rev. den. , 332 Or. 305, 27 P.3d 1045 (2001) ). See, e.g. , State v. Rennells , 253 Or. App. 580, 585, 291 P.3d 777 (2012), rev den , 353 Or. 410, 298 P.3d 1226 (2013) ("[W]e agree with the state that any claim of error was not preserved and even, arguably, that any error was invited when defense counsel appeared to agree that the testimony established venue * * *."); State v. Saunders , 221 Or. App. 116, 122, 188 P.3d 449, rev. den. , 345 Or. 416, 197 P.3d 1105 (2008) (defense counsel's statement that he could not "think of a better way" to instruct the jury invited any error pertaining to the trial court's subsequent jury instruction).
The invited error doctrine has no application in these circumstances. Here, the alleged error is the trial court's denial of appellant's motion to dismiss. Appellant did not "invite[ ] the trial court to rule [that] way." Saunders , 294 Or. App. at 105, 429 P.3d 1049. To the contrary, appellant directly challenged that ruling before the trial court. Appellant cannot be found to invite an error that she actively opposed.
To the extent that, by invoking "invited error," the state seeks to argue that appellant created the circumstances that gave rise to the need for postponement, the *861 argument is inapt. The state has not offered authority for a blame-shifting argument, nor has the state developed a doctrinal explanation such as estoppel or waiver. See Beall Transport Equipment Co. v. Southern Pacific , 186 Or. App. 696, 700 n. 2, 64 P.3d 1193, adh'd to on recons. , 187 Or. App. 472, 68 P.3d 259 (2003) (observing that it is "not this court's function to speculate as to what a party's argument might be," nor "is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself"). As a factual matter, other circumstances contributed to the need for postponement, such as scheduling the hearing as the final matter to be heard on the fifth day after the hospital hold began. Ultimately, those facts do little to show that appellant created the need for postponement. An attorney's tardiness at a prior unrelated hearing for a different client is not logically attributable to this appellant.
For those reasons, we conclude that the trial court erred in denying appellant's motion to dismiss.
Reversed.

In relevant part, ORS 426.232 provides:
"(1) If a licensed independent practitioner believes a person * * * is dangerous to self or to any other person and is in need of emergency care or treatment for mental illness, * * * the licensed independent practitioner may do one of the following:
"(a) Detain the person and cause the person to be admitted * * *.
"(b) Approve the person for emergency care or treatment at a nonhospital facility approved by the authority.
"(2) * * * However, under no circumstances may the person be held for longer than five judicial days."
Judicial days are calculated by excluding the first day, including the last day, and not counting weekends or holidays. See State v. L. O. W. , 292 Or. App. 376, 377, 424 P.3d 789 (2018) (citing ORS 174.120 ).

In relevant part, ORS 426.095(2)(c) provides:
"If requested under this paragraph, the court, for good cause, may postpone the hearing for not more than five judicial days in order to allow preparation for the hearing. * * * Any of the following may request a postponement under this paragraph:
"(A) The person alleged to have a mental illness or the person alleged to be an extremely dangerous person with mental illness.
"(B) The legal counsel or guardian of the person.
"(C) The individual representing the state's interest."