PER CURIAM
*388 Appellant seeks reversal of an order committing him to the Mental Health Division for a period not to exceed 180 days under ORS 426.005(1)(f)(B). He argues that the trial court plainly erred by postponing the commitment hearing-on the court's own motion "due to court unavailability"-to a date that was more than five judicial days after appellant was taken into custody for involuntary treatment. See State v. J. O. B. , 296 Or App 153, 154, 436 P.3d 91 (2019) ("[A]lthough ORS 426.095(2)(c) permits a 'good cause' postponement of a commitment hearing past the five-judicial-day deadline, the court is not statutorily permitted to request postponement."). The state concedes that, in light of J. O. B. , the trial court had no authority to postpone the hearing on its own motion and plainly erred in doing so. We agree, accept the concession, and, in light of the gravity of the error, exercise our discretion to correct it by reversing the commitment order. See State v. E. R. , 283 Or App 282, 283, 387 P.3d 497 (2016) (exercising discretion to correct plain error "because holding appellant eight judicial days longer than what was permissible was a grave error").
Reversed.