Submitted June 4, reversed July 8, 2021

In the Matter of L. R.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

L. R.,
*Appellant.*

Washington County Circuit Court
20CC06904; A175142

490 P3d 188

Benjamin S. Johnston, Judge pro tempore.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing her to the custody of the Mental Health Division for a period of time not to exceed 180 days and an order prohibiting her from possessing or purchasing firearms. ORS 426.130. She asserts that the trial court plainly erred in failing to dismiss the case because she was held for more than five days prior to the judicial hearing. The state concedes the error, and we accept that concession.

Appellant was placed on a physician's hold on November 10, 2021, and on November 16, 2020, the physician filed a certificate to place appellant on a 14-day diversion pursuant to ORS 426.237. No attorney was appointed to represent appellant until November 18, and the commitment hearing was held on November 23.

Pursuant to ORS 426.232(2), a physician may detain a person for emergency care or treatment for mental illness, but generally a person may not be held more than five judicial days without a hearing. *State v. W. B. R.*, 282 Or App 727, 728, 398 P3d 482 (2016). Under ORS 426.237(3), however, a person may in some circumstances be held for a 14-day period for intensive treatment if a certificate of diversion is filed within three judicial days of detention. Under ORS 426.237(3)(c), if such a certificate is filed, the court is required to immediately appoint an attorney if the person does not have one, and the person and his or her attorney must consent to the diversion within one judicial day of the time the certificate is filed (subject to exceptions not applicable here). In the present case, appellant's attorney was not appointed immediately after the certificate of diversion was filed, nor was the required consent obtained. The state correctly concedes that this constitutes reversible error. *See, e.g.*, *State v. B. L. H.*, 287 Or App 885, 403 P3d 538 (2017) (correcting similar error). We exercise our discretion to correct the error in light of its gravity.

Reversed.