Submitted July 2, reversed August 4, 2021

In the Matter of J. H.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. H.,
*Appellant.*

Multnomah County Circuit Court
20CC07139; A175186

492 P3d 780

Benjamin S. Johnston, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing her to the Mental Health Division for a period not to exceed 180 days, and prohibiting her from purchasing or possessing firearms. She asserts that the trial court plainly erred by failing to dismiss the case when she was not released after the expiration of an initial five-day hold and the statutory criteria for postponing the hearing based on "diversion" had not been met. The state concedes the error is plain error that entitles appellant to reversal. We agree and accept the concession.

Pursuant to ORS 426.232(2), a person may be detained on a physician's hold for treatment of mental illness, but generally may not be held more than five judicial days without a hearing. However, under ORS 426.237(3), a person detained on a physician's hold may be held for a 14-day period of intensive treatment ("diversion"), if the person and the person's attorney consent. Appellant was detained on a physician's hold and, three judicial days later, the physician filed a diversion certificate pursuant to that statute. Under ORS 426.247(3)(c), when such a certificate is filed, the court is to "[i]mmediately" notify the person's attorney or appoint an attorney if the person does not have one and, within 24 hours of the filing of the certificate, "the person's attorney shall review the certificate with the person." Thereafter, if the person and her attorney "consent to the certification *within one judicial day of the time the certificate is delivered to the circuit court*," the hearing may be postponed for 14 days. (Emphasis added.) In the present case, the court did not appoint an attorney for appellant until the sixth judicial day after the detention, three days after the diversion certificate had been delivered to the court. The parties agree that the court failed to comply with ORS 426.237(3).

Appellant did not preserve the claim of error but requests that we review it as plain error. ORAP 5.45(1). We agree that the error is apparent on the face of the record, and exercise discretion to correct it for the reasons set forth in *State v. R. A. R.*, 294 Or App 387, 427 P3d 234 (2018) (exercising discretion to correct similar error).

Reversed.