Argued and submitted August 20, affirmed October 27, 2021

Anthony Howard BARNES,
*Petitioner-Respondent,*
*and*

Meghan Elizabeth BRENNAN,
*Respondent-Appellant.*

Multnomah County Circuit Court
17DR22048; A172757

502 P3d 247

Patrick W. Henry, Judge.

Helen C. Tompkins argued the cause and filed the briefs for appellant.

Laura Graser argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and James, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

This proceeding involves the dissolution of a non-marital domestic partnership, including child custody, child support, and property division issues. After a five-day trial, the court issued a detailed order and entered a general judgment. Both parties moved for an award of attorney fees and costs, with mother requesting over $38,000, and father requesting over $61,000. The court granted father's motion in part, awarding him $18,255 in attorney fees and costs, and entered a supplemental judgment. Mother appeals the supplemental judgment. For the following reasons, we affirm.

We review a trial court's "legal determinations with respect to entitlement to attorney fees for errors of law" and its "exercises of discretion for abuse of discretion." *Trent v. Connor Enterprises, Inc.*, 300 Or App 165, 168, 452 P3d 1072 (2019) (internal quotation marks omitted). We are bound by the trial court's factual findings if they are supported by any evidence. *Ibarra and Conn*, 261 Or App 598, 599, 323 P3d 539 (2014).

In support of her claim that the trial court erred in awarding fees and costs to father, mother first argues that the trial court lacked any authority to award attorney fees. "Generally, a party is not entitled to an award of attorney fees unless a statutory or contractual provision specifically authorizes that award." *Menasha Forest Products Corp. v. Curry County Title*, 350 Or 81, 88, 249 P3d 1265 (2011). Here, the trial court cited ORS 107.105 as statutory authority for its award. Mother claims that was error because ORS 107.105 applies only to marital dissolutions and that, actually, *no* statute allowed a fee award in this case. Father responds that fees were statutorily authorized for the child-custody portion of the case, even if the trial court cited the wrong statute, and that those were the fees awarded.

Although mother's first argument—that the trial court lacked any authority to award attorney fees—raises an interesting issue, we do not reach its merits, because mother invited the error of which she now complains. Below, mother consistently took the position that the trial court

had authority to award attorney fees (citing different statutes at different times, including ORS 107.105 in several filings). In ruling, the court described the matter as being "before the court on the request for costs and attorney fees filed by both parties pursuant to ORS 107.105 and ORCP 68." Mother will not be heard to claim for the first time on appeal that the trial court lacked any authority to award fees. *See State v. Saunders*, 294 Or App 102, 105, 429 P3d 1049 (2018), *rev den*, 364 Or 294 (2019) ("The [invited error] rule applies when a party has invited the trial court to rule in a certain way under circumstances suggesting that the party will be bound by the ruling or at least will not later seek a reversal on the basis of that ruling.").

Mother next argues that, even if the trial court had authority to award attorney fees and costs, it erred in awarding them to *father*, because she prevailed on more issues. The crux of the parties' disagreement on that point is their differing views of the underlying proceeding. Father claims that it was all about whether mother could move with the children to California—an issue on which father prevailed (the trial court ruled that she could not). Mother disagrees, asserting that her desire to move was only one issue among many in dispute, and that she prevailed on most issues.

The point is largely resolved by a statement included in the trial court's findings in the supplemental judgment: "Fundamentally, this case was about whether it was in the children's best interest to move with Mother to California." Even if that is not a true "finding of fact," it is what the court understood after conducting a five-day trial. Having reviewed the record, we cannot say that it is an inaccurate assessment. We are unpersuaded that the court erred in treating father as the prevailing party, particularly given the limited award that it made.

Next, mother argues that the trial court made inadequate findings. We disagree. The findings are adequate for review. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) (adequate findings "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review").

Lastly, mother argues that the trial court awarded fees to father to "punish" her for calling a particular expert witness. She draws attention to the fact that, during trial, the court politely thanked mother's witness (a prominent expert) for coming to Portland to testify in person, calling it "very helpful," but later, in ruling on fees, took issue with mother's refusal to consider any opinion different from her own as to whether it was in the children's best interests to move to California, including stating, "Rather than acknowledging the potential negative impact on the children and developing a reasonable plan for their well-being, Mother chose to employ a thoroughly unhelpful expert to undermine the well-reasoned opinion of the parties' chosen expert, Dr. Gillis." We disagree, on this record, that the court's negative comment about the helpfulness of a particular witness's testimony demonstrates any abuse of discretion. Nothing in the record suggests to us that the trial court wanted to "punish" mother, or that the court considered improper factors in deciding the fee award.[1]

Affirmed.

---

[1] Mother also contends that the trial court "sanctioned" her for rejecting (by silence) a settlement offer that father made during trial that mother considered unreasonable. In deciding whether to award fees, the court considered the objective reasonableness of the parties and their diligence in pursuing settlement, *see* ORS 20.075(1)(f), and was critical of both parties. It was critical of mother for not responding to father's offer, and it was critical of father for employing an "aggressive" settlement strategy that "would be expected to make settlement less, rather than more, likely." Under the circumstances, it is doubtful that the trial court viewed that factor as weighing in father's favor. In any event, the trial court did not abuse its discretion in deciding to award fees.