Submitted January 5, reversed February 2, 2022

In the Matter of R. M. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. M. G.,
*Appellant.*

Jackson County Circuit Court
21CC01889; A175921

504 P3d 709

Kelly W. Ravassipour, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeHoog, Judge pro tempore.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days. ORS 426.130. In his only assignment of error, appellant contends that the trial court plainly erred in failing to dismiss the case when the commitment hearing was not held within five judicial days of the director's hold on appellant and the required procedures for filing a certificate of diversion were not complied with. *See* ORS 426.237. In response, the state concedes that the trial court plainly erred when it did not dismiss appellant's case; however, citing *Dept. of Human Services v. E. L. G.*, 270 Or App 308, 347 P3d 825 (2015), the state asks us not to exercise our discretion to correct the error, because, in its view, appellant "encouraged" the legal error that the trial court made and may have had a strategic reason not to object to the untimely hearing.

We accept the concession as to the trial court's plain error, but we reject the state's request that we not correct it. Holding appellant for more than five judicial days was a grave error. *See State v. R. A. R.*, 294 Or App 387, 388, 427 P3d 234 (2018) (it was a grave error to hold appellant longer than five days when appellant's attorney had not consented to diversion); *State v. E. R.*, 283 Or App 282, 283, 387 P3d 497 (2016) (holding the appellant for eight judicial days longer than what was permissible was grave error). Moreover, although we agree that the question of whether appellant encouraged the court's error or had a strategic reason not to object are appropriate considerations in deciding whether to correct it, we disagree that those factors are present here. We therefore exercise our discretion to correct the error and, consequently, reverse the judgment. *See State v. L. R.*, 313 Or App 157, 158, 490 P3d 188 (2021) (reversing commitment when appellant held more than five days and diversion procedures not followed).

Reversed.