*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted January 6, reversed February 23, 2023

In the Matter of A. A. W.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

A. A. W.,
*Appellant.*

Multnomah County Circuit Court
22CC01282; A178344

Monica M. Herranz, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed.

**AOYAGI, P. J.**

Appellant appeals a judgment committing her to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting her from possessing or purchasing firearms. ORS 426.130. In her only assignment of error, appellant asserts that the trial court plainly erred in failing to dismiss the case, where she was held for more than five judicial days without a hearing and without a timely certificate of diversion. The state concedes the error. We accept the concession, exercise our discretion to correct the error, and, accordingly, reverse.[1]

Appellant was placed on a physician's hold on Friday, February 25, 2022. A hearing was initially scheduled for Friday, March 4, which would have been the fifth judicial day. On March 3, a certificate of diversion from commitment was filed pursuant to ORS 426.237, and the court appointed counsel for appellant on that date. Based on the diversion, the civil commitment hearing was postponed to March 14.

A person may be detained on a physician's hold for emergency care or treatment of mental illness, but the person may not be held involuntarily for more than five days without a hearing. ORS 426.232(2) (limiting the hold to "longer than five judicial days"); ORS 426.234(4) (stating that a person shall not be held under ORS 426.232 "for more than five judicial days without a hearing"). ORS 426.237 allows a person to be held for 14 days of intensive treatment, however, if a certificate of diversion is filed within three judicial days of detention (ORS 426.237(1)(b)), and the person and the person's attorney consent to the certification within one judicial day of when the certificate is delivered to the trial court (ORS 426.237(3)(c)).

Here, the certificate of diversion was not filed within three judicial days as required by ORS 426.237(1)(b); rather, as the state acknowledges, it was filed on the fourth judicial

---

[1] The claim of error is unpreserved. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for "plain" error).

day. Moreover, the record does not establish that appellant and her attorney consented to the certification as required by ORS 426.237(3)(c).

"Because the diversion procedures were not properly followed in this case, the requirements for diversion were not met. As a result, appellant could not be detained for longer than five judicial days without a hearing, and, because appellant did not timely receive a hearing, the trial court was required to dismiss the case." *State v. C. J. W.*, 289 Or App 63, 65, 407 P3d 979 (2017). We agree with the state that the trial court plainly erred in failing to dismiss the case, and we exercise our discretion to correct the error. *See State v. L. R.*, 313 Or App 157, 158, 490 P3d 188 (2021) (exercising our discretion to correct a similar error "in light of its gravity").

Reversed.