No. 799 September 4, 2025 309

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

N. S.,
*Appellant.*

Multnomah County Circuit Court
24CC03401; A184930

Erin E. Kirkwood, Judge.

Argued and submitted August 8, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Baylee Seeman, Certified Law Student, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals from a judgment committing him to the Oregon Health Authority for up to 180 days. *See* ORS 426.130(1)(a)(C) (authorizing commitment of a person with mental illness).[1] He raises two unpreserved assignments of error challenging the timing of his hearing and the adequacy of the citation that he received in advance of the hearing. We affirm.

In his first assignment of error, appellant contends that the trial court plainly erred by holding a hearing more than five days after the mental health hold. Generally, under ORS 426.232(2), a person may not be held on a physician hold for more than five judicial days. *State v. W. B. R.*, 282 Or App 727, 728, 387 P3d 482 (2016). An exception to that timeline is contained in ORS 426.237, allowing a person to be held for a 14-day period for intensive treatment if a certificate of diversion is filed. ORS 426.237(1)(b). Appellant was held based on such a diversion, but he now argues that the procedural requirements of the certification were not met. However, to the extent that any procedural errors can be discerned on the face of this record, none of them obviously implicate a core procedural right such that it was plainly erroneous for the trial court to conclude that the diversion was proper. *See State v. E. K. C.*, 337 Or App 362, 365, 562 P3d 1139 (2025) (concluding that it was not plainly erroneous for the trial court to proceed in a civil commitment when the asserted error does not implicate a core procedural right).

In his second assignment of error, appellant argues that the trial court plainly erred by holding the hearing despite the fact that appellant received the investigative report 22 hours before the hearing. *See* ORS 426.074(3) (requiring the investigation report to be provided "in no event later than 24 hours prior to the hearing"). Appellant did not raise that argument before the trial court, which deprived the court of the opportunity to offer a remedy.

---

[1] ORS 426.130(1)(a)(C), along with the bulk of the civil commitment statutes, was amended after appellant's civil commitment hearing; however, because those amendments do not affect our analysis, we refer to the current versions of the civil commitment statutes in this opinion.

Accordingly, we decline to exercise our discretion to correct any error in the first instance. *See State v. V. L.*, 341 Or App 774, 779, ___ P3d ___ (2025) (adopting same approach).

Affirmed.