No. 467    May 28, 2026    139

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Jeremy SOLOMON,
*Petitioner-Appellant,*

*and*

Tiffany SOLOMON,
*Respondent-Respondent.*

*and*

Audrey SOLOMON,
*Adult Child.*

Linn County Circuit Court
23DR05328; A186189

Michael B. Wynhausen, Judge.

Submitted March 4, 2026.

Jeremy Solomon filed the briefs *pro se.*

Jeffrey D. Smith and Castillo & Smith, P.C., filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Husband appeals a general judgment of dissolution of marriage. The judgment was entered after the parties reached a settlement agreement.[1] Husband raises seven assignments of error on appeal. As explained below, we affirm.

*Facts.* Husband and wife, who have five children together, married in December 2008 and separated in March 2023. Husband, then represented by counsel, petitioned for dissolution of the marriage in March 2023. Wife contested the petition. Trial was scheduled for September 26, 2024. On the first day of trial, the parties reached a settlement agreement on all issues. In a piecemeal fashion, they set out the terms of the agreement on the record, addressing child custody, parenting time, child support, spousal support, and property distribution. The court asked husband and wife on the record if they consented to the settlement, and each answered that they did, at which the court recognized a "binding agreement."

Four days later, on September 30, 2024, husband filed a *pro se* motion asking the court to set a trial date, asserting that he had been "pressured" to settle and that "questionable and inaccurately reported" expenses led to "mistaken negotiations." On October 4, husband moved to reopen the case. On October 24, wife moved to enforce the settlement agreement. Husband opposed wife's motion, again asserting that he was pressured into settlement and that wife had hidden assets. On November 18, husband filed a motion to enforce parenting time. On November 26, the court granted wife's motion and entered an order enforcing the settlement agreement. The court expressly denied husband's motion to reopen the case, implicitly denied husband's request for a trial date, and told husband that the settlement set out on the record was controlling. The court did, however, grant husband's motion to enforce parenting time.

---

[1] Although the general judgment reflects an agreement of the parties that was put on the record, husband did not consent to the entry of the judgment itself, and the parties appear to agree that the judgment does not qualify as a "stipulated judgment" for purposes of ORS 19.245(3), or that an exception to non-appealability applies, *see Varde v. Run! Day Camp for Dogs, LLC*, 309 Or App 387, 391, 482 P3d 795 (2021). We accept that position for present purposes.

On December 2, the trial court entered the general judgment of dissolution, and, on December 12, it entered a supplemental judgment to enforce parenting time.

*Standard of review.* Husband requests that we exercise our discretion to engage in *de novo* review. *See* ORS 19.415(3)(b) (allowing discretionary *de novo* review in equitable proceedings). On *de novo* review, we "try the cause anew upon the record or make one or more factual findings anew upon the record." *Id*. Requests for *de novo* review are "disfavored," ORAP 5.40(8)(c), and we will exercise our discretion to conduct *de novo* review only in "exceptional cases," *id*., taking into account the considerations in ORAP 5.40(8)(d). We are unpersuaded that this case warrants *de novo* review. We therefore deny husband's request and apply the normal standards of appellate review.

*First and second assignments of error.* In his first assignment of error, husband argues that "the trial court erred by failing to properly acknowledge husband's objection to the initial settlement order, and failing to require [wife] to provide proof of her financial claims," in contravention of ORCP 71 B and ORS 107.089(1). In his second assignment of error, he argues that the "trial court erred in enforcing [the general judgement of dissolution] based on false, incomplete, and misleading financial disclosures in violation of ORS 107.089(1)." Wife responds that the trial court did acknowledge husband's objections and properly enforced the settlement agreement.

Having considered the parties' arguments and the pertinent parts of the record identified by them, we are unpersuaded that the court committed reversible error. Husband has not pointed to anywhere in the record that he moved for relief under ORCP 71 B, so the trial court cannot have erred in not granting relief under ORCP 71 B. As for ORS 107.089(1), husband invited the alleged error by consenting to the judgment, including agreeing that Exhibit 101 represented all assets and debts and how they would be divided, which precludes it being a basis for reversal. *See State v. Saunders*, 294 Or App 102, 105, 429 P3d 1049 (2018), *rev den*, 364 Or 294 (2019) ("The [invited error] rule applies when a party has invited the trial court to rule in a certain

way under circumstances suggesting that the party will be bound by the ruling or at least will not later seek reversal on the basis of that ruling."). We reject the first and second assignments of error based on the invited-error doctrine.

*Third and fourth assignments of error.* Husband contends that the trial court erred when it "accepted a parenting plan with highly restrictive provisions" (third assignment) and that allows the minor children to "unilaterally refuse parenting time" with him (fourth assignment). On the latter point, it is not apparent what provision husband reads as so providing. In any event, again, under the invited-error doctrine, a party will not be heard to complain about something that it asked the trial court to do, *Saunders*, 294 Or App at 105, and, here, husband asked the trial court to order the parenting plan on which the parties had agreed, which the court did. We reject the third and fourth assignments of error.

*Fifth assignment of error.* Husband next argues that the trial court "failed to rule on make-up time or reunification services" before entering the general judgment of dissolution.[2] Even assuming *arguendo* that the trial court was required to rule first on his motion for make-up parenting time prior to issuing the general judgment, husband has not cited any authority requiring the trial court to include a provision regarding make-up time in the parenting plan, particularly when the parties have agreed on a parenting plan. As for "reunification services," the parenting plan includes an "acknowledgement" by the parties that one of the children, P, was not attending parenting time "and that reunification counseling may be necessary for [P] to start seeing [husband]." However, husband has not developed any argument as to why the trial court needed to make any ruling on reunification services beyond including the parties agreed acknowledgment in the judgment. We reject the fifth assignment of error.

*Sixth assignment of error.* Husband argues that the trial court "failed to enforce ORS 25.275 and ORS 107.105(1)

_____

[2] Wife responds in her brief that the trial court did rule on make-up time in its supplemental judgment entered December 12, 2024. However, we take judicial notice of the trial court's order entered April 13, 2025, striking that prior ruling.

by allowing child support to be based on unverified and inaccurate childcare payment[s], accepting childcare bills from [wife's] personal friend rather than proof of childcare payments." Again, husband invited the error by agreeing to the child support terms, so the invited-error doctrine applies, and we reject the sixth assignment of error.

*Seventh assignment of error.* Finally, husband contends that the trial court erred in denying his motion to reopen the case, citing ORCP 71 B. As previously stated, husband has not identified, nor have we seen in the record, any motion filed with the trial court seeking relief under ORCP 71 B. To the extent that husband is actually referencing his motion to reopen made pursuant to ORS 107.452, which requires the trial court to reopen the case if the moving party alleges that significant assets existed at the time of entry of the judgment and were not discovered until after entry of the judgement, we conclude that husband has not sufficiently developed an argument pursuant to that statute on appeal. While the record reflects that husband made a motion to reopen pursuant to ORS 107.452, and the trial court denied that motion, husband has not put forth any argument on appeal as to why the court erred under ORS 107.452 when it denied his motion. We will not step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar). We therefore reject the seventh assignment of error.

Having reviewed each assignment of error and concluding that the trial court did not err in the claimed respects, we therefore affirm.

Affirmed.