No. 588          June 24, 2026          905

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. L. O.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. L. O.,
*Appellant.*

Deschutes County Circuit Court
25CC05546; A188748

Walter Randolph Miller, Jr., Judge.

Submitted June 2, 2026.

Liza Langford filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals a judgment of civil commitment, raising two assignments of error. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, appellant was committed on the basis that she is "unable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future," as the result of a mental disorder, and "is not receiving such care as is necessary to avoid such harm." ORS 426.005 (1)(f)(B) (2023), *amended by* Or Laws 2025, ch 559, § 4. As explained below, we affirm.

Appellant first argues that the trial court plainly erred when it failed dismiss her case because her commitment hearing was not held within five judicial days of the physician hold, as required under ORS 426.232(2) (2023), *amended by* Or Laws 2025, ch 559, § 29, and ORS 426.234(4) (2023), *amended by* Or Laws 2025, ch 559, § 31. Based on the record, appellant was detained on September 18, 2025 (Thursday), and the trial court held a hearing on September 25, 2025 (the following Thursday). "Judicial days are calculated by excluding the first day, including the last day, and not counting weekends or holidays." *State v. J. J. S.*, 297 Or App 856, 857 n 1, 444 P3d 1141 (2019). Under that standard, appellant's hearing was timely and the trial court did not err, plainly or otherwise.

Appellant next argues that the evidence was legally insufficient to commit her on the basis that she was unable to provide for her basic needs. To meet the legal standard for a civil commitment under ORS 426.005(1)(f)(B) (2023), the state must prove that due to a mental disorder, a person is "unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of serious physical harm—meaning that the person's safe survival will

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (internal quotation marks omitted); *see also State v. R. L. M.*, 309 Or App 545, 550, 482 P3d 201 (2021) (noting that some evidence of "*how soon* [an] adverse consequence is likely to occur" is required) (emphasis in original). Food, water, and medical care are examples of basic personal needs. *State v. M. A.*, 276 Or App 624, 631, 371 P3d 495 (2016).

Thus, it is not enough to show that a person's ability to provide for basic personal needs is compromised—the manner and degree of compromise is critical. The state also must prove a causal connection between the person's mental disorder and that inability to provide for basic personal needs, *State v. C. H.*, 306 Or App 63, 67, 473 P3d 60 (2020), and that the person is not already "receiving such care as is necessary to avoid such harm," ORS 426.005(1)(f)(B) (2023).

The trial court found the legal standard to be met here. On appeal, in a preserved claim of error, appellant challenges the sufficiency of the evidence as a matter of law. Our task, therefore, is to view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition and determine whether the evidence was legally sufficient to support civil commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). Legal sufficiency is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). Given the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the ultimate question for us as the reviewing court is whether a rational factfinder could find on this record that, at the time of the commitment hearing, it was "highly probable" that, due to a mental disorder, appellant was unable to provide for her basic personal needs in a manner and to a degree that compromised appellant's safe survival in the near future. *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (quoting *State v. M. J. F.*, 306 Or App 544, 549, 473 P3d 1141 (2020)).

Having reviewed the record and considered the parties' arguments, we conclude that the evidence was legally sufficient for civil commitment based on inability to meet

basic personal needs within the meaning of ORS 426.005 (1)(f)(B) (2023). Appellant, who has a diagnosis of severe bipolar disorder, was paranoid and delusional and had stopped eating and drinking. After she was hospitalized, appellant continued to refuse to eat or drink and had to be nourished with IV fluids "to sustain her life." Accordingly, we affirm the judgment of civil commitment.

Affirmed.