Argued and submitted October 28, affirmed December 1, 2021, petition for review denied April 7, 2022 (369 Or 507)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIK DANIEL KADIN,
*Defendant-Appellant.*

Klamath County Circuit Court
16CR66026; A173155

501 P3d 1144

Andrea M. Janney, Judge.

Zachary J. Stern argued the cause for appellant. Also on the opening brief was Ferder Casebeer French & Stern, LLP. Also on the reply brief was Ferder Casebeer French & Thompson, LLP.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for four sex offenses, raising five assignments of error. We affirm.

In the first, second, and fourth assignments of error, defendant asserts that the trial court plainly erred by not, on its own initiative, striking testimony that, in defendant's view, constituted impermissible vouching testimony. For reasons similar to those articulated in *State v. Corkill*, 262 Or App 543, 325 P3d 796, *rev den*, 355 Or 751 (2014), we reject defendant's contention that the trial court plainly erred. Although defendant, in his reply brief, asserts that we should overrule *Corkill*, we are not convinced that the standards for overruling our precedent are met.

In the third assignment of error, defendant asserts that "[t]he trial court erred by allowing a nurse practitioner to testify on matters outside the scope of her expertise." As we explain, to the extent this assignment of error is preserved, we decline to review it because defendant invited any error.

The testimony at issue came in through the CARES nurse who examined the victim. In explaining that the absence of physical injury does not foreclose the possibility of sexual abuse, she testified that, among other things:

> "[P]eople who engage in this type of behavior with children, they want to keep access to those children. And causing a lot of pain and a lot of damage and a lot of trauma doesn't keep that access available to them. And so they don't use a lot of force, they use gentle pressure and gentle touching that doesn't necessarily hurt or leave evidence."

Defendant did not object. Later, however, when the witness again began to describe qualities of "people who engage in this behavior," defendant did object, asserting that the witness was not "qualified as an expert" to testify about the reasons that sex offenders act the way that they do. Outside the presence of the jury, the trial court held a hearing concerning the witness's credentials and determined that the witness was not qualified to give that type of testimony. It then explored with the parties what to do next,

eventually asking defense counsel to clarify what remedy he was seeking:

> "THE COURT:  So I want, I guess I'm asking again, [defense counsel], to clarify. Are you asking me to go back and strike, then, that particular answer to a question?
>
> "[Defense Counsel]:   I'm asking you to instruct the jury that that is beyond the field of her expertise."

After hearing from the prosecutor, who contested the propriety of striking testimony that was not objected to at the time, the court offered to "give an instruction to the jury that this witness is qualified as an expert to testify to the medical/physical findings and not to a psychological motive behind any alleged offender." Both parties agreed to that course of action, with defense counsel stating "[t]hat's fine." When the jury returned, the court recognized the witness as an expert "as it relates to child physical examinations and pediatric sex abuse," and instructed the jury that "she is not an expert to testify as to the psychology or mental state or motive behind alleged offensive behavior or offenders."

To the extent defendant argues on appeal that the trial court erred by not striking the challenged testimony as beyond the witness's expertise *before* any objection was raised, the claimed error is not preserved and is not plain. It would not have been obvious that it was beyond the scope of the witness's expertise until the court held the hearing outside the presence of the jury after defendant finally did object. To the extent defendant argues that the court erred at that point by not taking corrective measures other than the one it did, such as striking the prior testimony, defendant invited any error by not telling the court, in response to its question about the need to strike the prior testimony, that it should be stricken, then agreeing to the court's plan to give the instruction that the court offered to deliver. *State v. Saunders*, 294 Or App 102, 105, 429 P3d 1049 (2018), *rev den*, 364 Or 294 (2019) ("The [invited error] rule applies when a party has invited the trial court to rule in a certain way under circumstances suggesting the party will be bound by the ruling or at least will not later seek a reversal on the basis of that ruling."). For those reasons, we conclude

that defendant is not entitled to relief on his third assignment of error.

In his fifth assignment of error, defendant challenges the trial court's instruction to the jury that it could convict by a less-than-unanimous verdict. Although the trial court's instruction was erroneous, the jury's verdicts were unanimous so the error does not entitle defendant to reversal. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

Affirmed.