758 November 13, 2025 No. 973

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ERIK DANIEL KADIN,
*Petitioner-Appellant,*

*v.*

Joshua HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
22CV27238; A183546

Patricia A. Sullivan, Senior Judge.

Submitted October 2, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

A jury found petitioner guilty of two counts of first-degree sexual abuse and two counts of first-degree unlawful sexual penetration, and it acquitted him of two counts of first-degree rape. After an unsuccessful direct appeal of his convictions, *State v. Kadin*, 316 Or App 100, 501 P3d 1144 (2021), *rev den*, 369 Or 507 (2022), petitioner sought post-conviction relief, which was denied. Petitioner appeals. He argues that his trial counsel provided inadequate and ineffective assistance in four regards—by not calling Fitzgerald to testify at trial as an expert witness for the defense (first claim); by not moving to require election (second claim); by not objecting to evidence of uncharged acts as inadmissible propensity evidence (third claim); and by not moving to strike certain testimony by Halstead after a successful objection (fourth claim)—and that the post-conviction court erred in rejecting those claims. The superintendent maintains that the court did not err in denying relief.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent

that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered all of the parties' arguments, we conclude that the post-conviction court did not err in denying relief.

Regarding the first claim, the post-conviction court denied relief on the bases that trial counsel "had an objectively reasonable tactical reason for not calling" Fitzgerald to testify, such that there was no deficient performance, and that petitioner also failed to prove prejudice. We agree that not calling Fitzgerald was a strategic decision that a constitutionally adequate lawyer could make in these circumstances. We therefore affirm based on the performance prong without reaching the prejudice prong.

Regarding the second and third claims, the post-conviction court denied relief on the bases that trial counsel made "a reasonable strategic decision that Petitioner was aware of and approved," which related to undermining the complainant's credibility, such that there was no deficient performance, and that petitioner also failed to prove prejudice. We agree that a constitutionally adequate lawyer could decide not to move to elect for strategic reasons, particularly in a case where the jury was instructed on concurrence to ensure that they concurred on a factual basis for each count. Given the circumstances of the case, the defense theory, and the case law, a constitutionally adequate lawyer could also make a strategic decision not to move to exclude other allegations made by the complainant. We affirm based on the performance prong without reaching the prejudice prong.

Finally, on the fourth claim, which encompassed but was not limited to the issue raised on appeal, the post-conviction court denied relief based on petitioner having failed to prove either deficient performance or prejudice. We affirm based on lack of prejudice. That is, even assuming *arguendo* that it was deficient performance not to ask the trial court to strike Halstead's response after a successful objection, we agree that petitioner failed to prove prejudice.

Accordingly, we affirm the post-conviction judgment.

Affirmed.